**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: AT&T MOBILITY WIRELESS DATA ) | |
| SERVICES SALES TAX LITIGATION ) | MDL No: 2147 |
| ) | Case No. 10 C 2278 |

**INITIAL STATUS ORDER**

AMY J. ST. EVE, District Court Judge:

      The Judicial Panel on Multidistrict Litigation ("MDL") transferred this case to the Court by Order of April 7, 2010. The parties shall appear for an initial conference before Judge St. Eve on June 3, 2010, at 1:00 p.m., in courtroom 1241, United States Courthouse for the Northern District of Illinois. The conference will be held for the purpose of addressing the organization and management of this MDL action.

**I.    Consolidation**

      The Court hereby consolidates for pretrial purposes all In re: AT&T Mobility Wireless Data Services Sales Tax Litigation actions transferred to this Court by the MDL. This consolidation does not constitute a ruling that actions should be consolidated for trial.

**II.    Filings**

      The Clerk is maintaining a master case file under the heading "In re: AT&T Mobility Wireless Data Services Sales Tax Litigation," Case Number 10 C 2278, MDL No. 2147. All parties should make all filings with the Clerk under that caption and case number. When a party intends for a filing to apply to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption. When a party intends that a filing apply only to some of the consolidated actions, the party making the filing should file it both under Case Number 10 C 2278 and under the individual case number assigned to the particular case. The party making such a filing should indicate that by using the words "This Document Relates to [fill in case number]" in or just after the caption.

**III.    Service List**

      This order is being served upon the counsel whose appearances are listed on the docket of Case No. 10 C 2278. Counsel who receive this order are directed to forward a copy of the order to any other attorneys who filed appearances in cases that have been transferred to this Court and who are not listed on the service list on 10 C 2278. Counsel who represent a party in a

case transferred under the MDL who do not currently appear of record in Case Number 10 C 2278 should file their notices of appearance on the Service List on or before May 28, 2010.

IV.     **Lead and Liaison Counsel**

Selection and duties of lead counsel and liaison counsel. The Court intends to appoint both lead counsel and liaison counsel for Plaintiffs. Motions for these positions must be filed on or before May 26, 2010. The main criteria for appointment of lead/liaison counsel are: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Manual For Complex Litigation, § 40.1 (4th ed. 2004); *see also In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2010 WL 1433316, 2010 U.S. Dist. LEXIS 34882 (N.D. Ill. Apr. 7, 2010) (Gotschall, J.); *Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.)*, 258 F.R.D. 260, 271-272 (S.D.N.Y. 2009).

V.      **Orders Entered by Transferor Courts**

The Court hereby vacates all orders entered by transferor courts imposing dates for pleading or discovery.

VI.     **Planning Conference and Initial Status**

Counsel should familiarize themselves with the *Manual for Complex Litigation, Fourth*, and the Local Rules for the Northern District of Illinois. The Court strictly applies Local Rule 37.2.

The parties are directed to meet pursuant to Federal Rule of Civil Procedure 26(f) and conduct a planning conference prior to the initial status conference. During the planning conference, the parties must address the issues set forth below and prepare a **joint** organization and management plan for this case. If the parties are unable to agree on the plan, they should state their respective positions. The joint organization and management plan must be filed on or before May 28, 2010, containing the following information:

    A.     **The Nature of the Claims**

    The parties should generally describe the nature of the claims asserted in the complaint and any counterclaims. This description will not waive any claims or defenses in this proceeding. Plaintiffs should also generally describe the relief they are seeking.

B. **Pending Motions, Including Matters before the MDL Panel**

1. *Identify All Pending Motions* – The report should identify all pending motions, and the status of the briefing on such motions, including any motions to remand. Any motions that the Court must resolve should be refiled in accordance with the procedures above. Counsel should provide the Court will courtesy copies of the motions and briefs.

2. *Motions Pending Before the MDL* – The report should identify any motions pending before the MDL.

C. **Discovery Plan, Including Anticipated Electronic Discovery**

1. *Answers*

    The parties should inform the Court if any answers have been filed in the cases. If not, propose a deadline to file such answers.

2. *Discovery*

    The parties should summarize what discovery, if any, has taken place prior to the transfer of the cases to the Court. The parties should discuss a proposed order directing the preservation of evidence, to the extent one is necessary. In addition, the parties should submit a proposal for a discovery plan, including the following information:

    i.   A date for Rule 26(a)(1) disclosures;
    ii.  A date to issue written discovery;
    iii. A fact discovery completion date;
    iv.  An expert discovery completion date, including dates for the delivery of expert reports, if expert discovery is anticipated; and
    v.   A date for the filing of dispositive motions.

3. *Electronic Discovery*

    Prior to the initial status conference with the Court, counsel shall meet and discuss whether they anticipate any electronic discovery, the volume of such discovery, and the application of the Federal Rules of Civil Procedure pertaining to electronic discovery. Counsel must discuss:

    i.  The identification of relevant and discoverable ESI;

    ii. The scope of discoverable ESI to be preserved by the parties;

      iii.    The formats for preservation and production of ESI;

      iv.    The potential for conducting discovery in phases or stages as a method for reducing costs and burden; and

      v.    The procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence.

Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court at the initial status conference, or as soon as possible thereafter.

Disputes regarding ESI will be resolved more efficiently if, before meeting with opposing counsel, the attorneys for each party review and understand how their client's data is stored and retrieved in order to determine what issues must be addressed during the meet and confer discussions.

4. *Status of Settlement Discussions*

The parties should inform the Court in the joint status report whether any settlement discussions have occurred; the status of any settlement discussions; and whether the parties request a settlement conference at this time.

5. *Tag along cases*

The joint status report should identify other "tag-along" cases that they anticipate will be joining this action.

6. *Management Issues*

Counsel should be prepared to present any other management issues for the Court to address.

                                ENTER:

Dated: May 7, 2010                           _____
                                              Amy J. St. Eve
                                       United States District Judge