## COUNT 74

## INJUNCTIVE RELIEF

550.    The averments of paragraphs 57-102 are incorporated by reference.

551.    AT&T's continued billing of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

552.    Unless enjoined from doing so, AT&T will continue to collect state and local sales tax on the sale of internet access from Plaintiff and the Subclass.

553.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only be recovered for state and local sales tax that AT&T has already collected on the sale of internet access.  Damages cannot address AT&T's ongoing collection of such taxes in violation of the law.

554.    Plaintiff and the Subclass have no adequate remedy at law to stop the continuing collection of such taxes.

555.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff, on behalf of himself and the Subclass, seeks the following relief:

A.    Damages in the amount of state and local sales taxes improperly billed by AT&T on the sale of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on internet access in violation of the Kansas Consumer Protection Act.

C.      An order of this Court enjoining the collection by AT&T of state and local sales tax on internet access.

D.      Attorneys fees as permitted by either the common law, K.S.A. §50-634 or equity.

E.      Prejudgment interest in the statutory amount.

F.      All costs of this action, recovery for which is permitted by law.

G.      Such other and further relief as the Court deems just and proper.

## KENTUCKY

556.    The averments of paragraphs 57-102 are incorporated by reference.

557.    Plaintiff Heather Rahn brings this action on behalf of herself and the Kentucky Subclass.

558.    KRS 139.200, imposes a sales tax on communication services:

"A tax is hereby imposed upon all retailers at the rate of six percent (6%) of the gross receipts derived from:

      ***

      (2) The furnishing of the following:

            ***

      (e) Intrastate, interstate, and international communications services as defined in KRS 139.195, except the furnishing of pay telephone service as defined in KRS 139.195…"

102

KRS 139.195(28) defines "telecommunication services" to exclude internet access from sales tax as follows:

"(28) (a) "Telecommunications service" means the electronic transmission,

conveyance, or routing of voice, data, audio, video, or any other information or signals to a point, or between or among points…

\*\*\*

(c) "Telecommunications service" does not include:

\*\*\*

6.   Internet access service as defined in 47 U.S.C. sec. 151…"

<u>**KENTUCKY SUBCLASS**</u>

559.     The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Kentucky and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Kentucky Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives,

predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T

Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Kentucky Subclass."

## COUNT 75

## BREACH OF CONTRACT

560. The averments of paragraphs 57-102 are incorporated by reference.

561. Despite the prohibition on state and local taxes imposed by the Internet Tax

Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

562. In so doing, AT&T breached its contract with Plaintiff and the Subclass.

563. As a result of the breach of contract, Plaintiff and the Subclass were damaged in

the amount of sales tax charged by AT&T for internet access, together with interest on the

money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 76

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

564. The averments of paragraphs 57-102 are incorporated by reference.

565. AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as

alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the

Plaintiff and the Subclass, which is imputed into every Contract in Kentucky under the common

law of Kentucky and the Restatement (Second) of Contracts §205.

566. AT&T breached its duty of good faith and fair dealing to the Plaintiff and the

Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet

access.

567.     The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 77

## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

568.     The averments of paragraphs 57-102 are incorporated by reference.

569.     Pursuant to KRS 367.170, the Kentucky Consumer Protection Act was enacted to protect persons from "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce."

570.     In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed unfair, false, misleading, or deceptive acts or practices in the conduct of trade and/or commerce.

571.     The aforementioned violations of the Kentucky Consumer Protection Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

572.     Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the Consumer Protective Act.

## COUNT 78

## VIOLATION OF  THE KENTUCKY CONSUMER PROTECTION ACT

## INJUNCTIVE RELIEF

573.     The averments of paragraphs 57-102 are incorporated by reference.

574.     AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

575. The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of KRS §367 as pled in Count 78.

576. KRS §367.190 and §367.220 permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT 79

## UNJUST ENRICHMENT UNDER STATE LAW

577. The averments of paragraphs 57-102 are incorporated by reference.

578. Under Kentucky law, AT&T may retain 1.75% of the first $1,000 of tax due and 1% of the tax due in excess of $1,000 of the state sales tax it collects for itself.

579. On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

580. AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

581. AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

582. As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

583. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 80

## INJUNCTIVE RELIEF

584.    The averments of paragraphs 57-102 are incorporated by reference.

585.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

586.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

587.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

588.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

589.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of herself and the Subclass seek the following relief:

A.    Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Kentucky Consumer Protection Act KRS § 367.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Kentucky or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either common law, Kentucky statute, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## LOUISIANA

590.    The averments of paragraphs 57-102 are incorporated by reference.

591.    Plaintiff Heather Mazeitis brings this action on behalf of herself and the Louisiana Subclass.

592.    Louisiana law (e.g., La. R.S. § 47:301) imposes a sales or use tax to be levied on "telecommunications services", and particularly, upon calls originating or terminating in Louisiana.

### LOUISIANA SUBCLASS

593.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Louisiana and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Louisiana Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Louisiana Subclass."

## COUNT 81

## BREACH OF CONTRACT

594.    The averments of paragraphs 57-102 are incorporated by reference.

595.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

596.    In so doing, AT&T breached its contract with Plaintiff and the Subclass.

597.    As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 82

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

598.    The averments of paragraphs 57-102 are incorporated by reference.

599.    AT&T's breaches of the form contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Louisiana under the Civil Code of Louisiana and the Restatement (Second) of Contracts §205.

600.    AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

601.    The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 83

### VIOLATION OF CONSUMER PROTECTION LAWS

602.    The averments of paragraphs 57-102 are incorporated by reference.

603.    Federal and state law prohibits, and protects the general public and consumers from, deceptive, fraudulent and unfair conduct.

604.    A sale of services enabling Internet access constitutes "merchandise" within the meaning of federal and state consumer protection laws.

605.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact

in connection with the sale or use of merchandise in violation of federal and state law.     The aforementioned violations of federal and state consumer protection laws, have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

606.     Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under federal and state law.

## COUNT 84

## UNJUST ENRICHMENT UNDER LOUISIANA STATE LAW

607.     The averments of paragraphs 57-102 are incorporated by reference.

608.     Upon information and belief, under Louisiana law, AT&T may retain a percentage of the state sales tax it collects for itself.

609.     On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

610.     AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

611.     AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

612.     As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

613.     Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 85

## INJUNCTIVE RELIEF

614.    The averments of paragraphs 57-102 are incorporated by reference.

615.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

616.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

617.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

618.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

619.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of herself and the Subclass seek the following relief:

A.    Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

112

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Louisiana consumer protection law.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the State of Louisiana or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either federal or state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further general and equitable relief as the Court deems proper.

## MAINE

620.    The averments of paragraphs 57-102 are incorporated by reference.

621.    Plaintiff Jamie Kilbreth brings this action on behalf of herself and the Maine Subclass.

622.    Maine imposes a tax on telecommunications services pursuant to § 2552 (R.S. Maine).

623.    §2252(20)(A) defines telecommunications services expressly to exclude "internet access service."

### MAINE SUBCLASS

624.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Maine and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Maine Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Maine Subclass."

## COUNT 86

## BREACH OF CONTRACT

625.     The averments of paragraphs 57-102 are incorporated by reference.

626.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

627.     In so doing, AT&T breached its contract with Plaintiff and the Subclass.

628.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access.

## COUNT 87

## UNJUST ENRICHMENT

629.     The averments of paragraphs 57-102 are incorporated by reference.

114

630. Under Maine law, AT&T may retain a percentage of the state sales tax it collects for itself.

631. On information and belief, AT&T retains the permitted amount of the state sales tax it collects and thus obtains a legal benefit.

632. AT&T collects this amount to the detriment of Plaintiff and members of the Subclass and thus appreciates the benefit.

633. AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

634. As a result AT&T is unjustly enriched at the expense of the Plaintiff and the Subclass.

635. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 88

## VIOLATION OF § 207 M.R.S.A.

636. The averments of paragraphs 57-102 are incorporated by reference.

637. The Maine Unfair Trade Practices Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

638. A sale of services enabling Internet access constitutes "merchandise" within the meaning of § 207 M.R.S.A.

639. In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and

suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of § 207 M.R.S.A.

640.    The aforementioned violations of the § 207 M.R.S.A. have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

641.    Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the Maine Unfair Trade Practices Act.

642.    Plaintiff made the pre-suit demand/settlement offer as required by § 213-1A M.R.S.A.

**COUNT 89**

**VIOLATION OF § 207 MRSA**

**INJUNCTIVE RELIEF**

643.    The averments of paragraphs 57-102 are incorporated by reference.

644.    AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

645.    The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of § 207 M.R.S.A., as pleaded above.

646.    Section 213 M.R.S.A. permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

**<u>MARYLAND</u>**

647.    The averments of paragraphs 57-102 are incorporated by reference.

648.    Plaintiff Bonnie Meshulam brings this action on behalf of herself and the Maryland Subclass.

649.    Maryland law imposes a 6% sales tax on "taxable services" pursuant to MD Code, Tax – General, sections 11-104(a) and 11-102.

117

"Taxable services" include "cellular telephone and other mobile communications services," MD Code, Tax – General, section 11-101(m)(4), including those provided by AT&T to its mobile customers in Maryland.

650.    Certain counties and cities in Maryland also impose local sales taxes on mobile communications services.

## MARYLAND SUBCLASS

651.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Maryland and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].


Excluded from the Maryland Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Maryland Subclass."

## COUNT 90

## BREACH OF CONTRACT

652.     The averments of paragraphs 57-102 are incorporated by reference.

653.     Despite the prohibition by state law and the Internet Tax Freedom Act on the imposition of state and local taxes on internet access, AT&T charged Plaintiff and the Subclass state and local sales tax for internet access.

654.     In so doing, AT&T breached its contract with Plaintiff (and its contracts with the Subclass).

655.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 91

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

656.     The averments of paragraphs 57-102 are incorporated by reference.

657.     AT&T entered into a written contract with Plaintiff and the Subclass.  The common law of Maryland implies a covenant of good faith and fair dealing into this contract.

658.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by charging the Plaintiff and the Subclass, unfairly and in violation of the Internet Tax Freedom Act, state and local sales tax for internet access.

659.     The abovementioned breaches of contract and of the covenant of good faith and fair dealing have caused damages to the Plaintiff and to the Subclass.

119

## COUNT 92

## INJUNCTIVE RELIEF

660.    The averments of paragraphs 57-102 are incorporated by reference.

661.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales

tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that

Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has

no legal right to collect.

662.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and

the Subclass state and local sales tax on the sale of internet access.

663.    Plaintiff and the Subclass have no adequate remedy at law in that damages can

only address state and local sales tax that AT&T has already collected on the sale of internet

access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

664.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of

such taxes.

665.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing

and ongoing burden of paying state and local sales taxes on the sale of internet access absent this

Court's order enjoining AT&T from the collection of such taxes.

## COUNT 93

## VIOLATION OF MARYLAND CONSUMER PROTECTIVE ACT

666.    The averments of paragraphs 57-102 are incorporated by reference.

667.    The Maryland Consumer Protection Act ("MCPA") was enacted to protect

Maryland consumers from "unlawful consumer practices" and provides a private right of action

for consumers like Plaintiff.  Md. Code, Commercial Law, §13-102 and 13-408.

668.    AT&T is a "merchant" as that term is defined in Md. Code, Commercial Law, §13-101 and is therefore subject to the provisions of the MCPA.

669.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of services in violation of Md. Code, Commercial Law, §13-301.

670.    The aforementioned violations of the MCPA have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

671.    Plaintiff has been forced to hire attorneys to enforce her rights under the MCPA and seeks all damages available under the MCPA, including attorney fees.

WHEREFORE, Plaintiff, on behalf of herself and the Subclass, requests a trial by jury and seeks the following relief:

A.    Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.    An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

C.    Attorneys fees as permitted by law.

D.    Prejudgment interest in the statutory amount.

E.    All costs of this action recovery for which is permitted by law.

F.    Such other and further relief as the Court deems proper.

## MASSACHUSETTS

672.    The averments of paragraphs 57-102 are incorporated by reference.

673.    Plaintiff Lesley Rock brings this action on behalf of herself and the Massachusetts Subclass.

674.    Although, under 830 CMR 64H.1.6, a sales tax is imposed on "telecommunications services" in Massachusetts, under G.L. ch. 64H, § 6, sales that are "exempt" from sales tax include all sales "which the commonwealth is prohibited from taxing under the constitution or laws of the United States."

## MASSACHUSETTS SUBCLASS

675.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Massachusetts and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Massachusetts Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Massachusetts Subclass."

## COUNT 94

## BREACH OF CONTRACT

676.     The averments of paragraphs 57-102 are incorporated by reference.

677.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

678.     In so doing, AT&T breached its contract with Plaintiff and the Subclass.

679.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 95

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

680.     The averments of paragraphs 57-102 are incorporated by reference.

681.     AT&T's breaches of the form contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every contract in Massachusetts under the common law of Massachusetts and the Restatement (Second) of Contracts §205.

682.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

683.     The above-mentioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 96

## INJUNCTIVE RELIEF

684.    The averments of paragraphs 57-102 are incorporated by reference.

685.    AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

686.    The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of federal and Massachusetts law, as pleaded above.

687.    Fed. R. Civ. P. 65, like its Massachusetts counterpart, Mass. R. Civ. P. 65, permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

688.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

689.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

690.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

691.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

692. Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

## COUNT 97

## UNJUST ENRICHMENT UNDER STATE LAW

693. The averments of paragraphs 57-102 are incorporated by reference.

694. To the extent that AT&T has retained any amount of the state sales tax it has collected, AT&T has been unjustly enriched at the expense of Plaintiff and the Subclass.

695. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of any amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

WHEREFORE, Plaintiff on behalf of herself and the Subclass seeks the following relief:

A. Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B. Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Massachusetts or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

C. An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

D. Attorneys fees and expenses as permitted by the common and statutory law of Massachusetts, federal law and equity.

E. Prejudgment interest in the statutory amount.

F.      All costs of this action recovery for which is permitted by law.

G.      Such other and further relief as the Court deems proper.

## MICHIGAN

696.    The averments of paragraphs 57-102 are incorporated by reference.

697.    Plaintiff Kathy Johnson brings this action on behalf of herself and the Michigan Subclass.

698.    That MCL 205.93a imposes a use tax on "telecommunications service":

Sec. 3a. (1) The use or consumption of the following services is taxed under this act in the same manner as tangible personal properly is taxed under this act:

(a) Except as provided in section 3b, intrastate telecommunications services that both originate and terminate in this state, including, but not limited to, intrastate private communication services, ancillary services, conference bridging service, 900 service, pay telephone service other than coin-operated telephone service, and value-added nonvoice data service, but excluding 800 service, coin-operated telephone service, fixed wireless service, 1-way paging service, prepaid calling service, telecommunications nonrecurring charges, and directory advertising proceeds.

699.    That MCL 205.93a(5)(s)(vi), defines "telecommunications services" to exclude charges for internet access from the use tax.

700.    That MCL 205.93b, imposes a use tax on "mobile wireless services", which is defined by MCL 205.93b(9)(h) as: "a telecommunication service that is transmitted, conveyed or routed, regardless of the technology used, whereby the origination or termination points of the

126

transmission, conveyance, or routing are not fixed, including but not limited to, telecommunication services that are provided by a commercial mobile radio service provider."

701.    That MCL 205.93b(9)(m)(vi), defines "telecommunications services" to exclude charges for internet access from the use tax.

## MICHIGAN SUBCLASS

702.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

> All persons or entities who are or were customers of AT&T Mobility in Michigan
> and who were charged Internet Taxes on bills issued from November 1, 2005
> through [the date immediately preceding the date on which AT&T Mobility first
> issues bill to customers that reflect the billing system changes implemented to
> cease charging Internet Taxes pursuant to Section 8.1].
>
> Excluded from the Michigan Subclass are: (i) AT&T Mobility, any entity in
> which AT&T Mobility has a controlling interest or which has a controlling
> interest in AT&T Mobility, and AT&T Mobility's legal representatives,
> predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T
> Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Michigan Subclass."

## COUNT 98

## BREACH OF CONTRACT

703.    The averments of paragraphs 57-102 are incorporated by reference.

704.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

705.     In so doing, AT&T breached its contract with Plaintiff and the Subclass.

706.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 99

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

707.     The averments of paragraphs 57-102 are incorporated by reference.

708.     AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in  Michigan under the common law of  Michigan and the Restatement (Second) of Contracts §205.

709.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local use/sales tax for internet access.

710.     The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass to suffer economic damages.

## COUNT 100

## VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

711.     The averments of paragraphs 57-102 are incorporated by reference.

712.     The Michigan Consumer Protect Act, MCL 445.901 *et seq*,  was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

713.    AT&T's sale of services enabling Internet access falls within Michigan's Consumer Protection Act.

714.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in violation of multiple sections of MCL 445.903.

715.    The aforementioned violations of the Michigan Consumer Protection Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

716.    Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the Michigan Consumer Protection Act.

## COUNT 101

## VIOLATION OF  THE MICHIGAN CONSUMER PROTECTION ACT

## INJUNCTIVE RELIEF

717.    The averments of paragraphs 57-102 are incorporated by reference.

718.    AT&T continues to charge Plaintiff and the Subclass state and local use/sales tax on the sale of internet access.

719.    The charging of state and local use/sales tax on the sale of internet access when no such tax is due is a violation of MCL 205.93a, MCL 205.93b,  and MCL 445.901, *et* seq, as pleaded in Count III.

720.    That MCL 445.911 permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local use/sales taxes on the sales of internet access.

## COUNT 102

## UNJUST ENRICHMENT UNDER STATE LAW

721.    The averments of paragraphs 57-102 are incorporated by reference.

722.    Upon information and belief, AT&T has improperly retained the total amount of the use/sales tax that it collected from the Plaintiff and the Subclass.

723.    AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

724.    AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

725.    As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

726.    Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 103

## INJUNCTIVE RELIEF

727.    The averments of paragraphs 57-102 are incorporated by reference.

728.    AT&T's continued charging of Plaintiff and the Subclass of state and local use/sales tax on the sale of internet access results in a continuing harm to Plaintiff and the

Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

729.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local use/sales tax on the sale of internet access.

730.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local use/sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

731.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

732.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local use/sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff, on behalf of herself and the Subclass, seeks the following relief:

A.    Damages in the amount of state and local use/sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.    Damages for Plaintiff and the Subclass in the amount of state and local use/sales tax improperly charged by AT&T on sales of internet access in violation of the Michigan Consumer Protection Act.

C.    Disgorgement of all funds collected by AT&T as state and local use/sales tax for the sales of internet access not remitted to the state of Michigan or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

131

D.      An order of this Court enjoining the collection by AT&T of state and local use/sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, statute, Michigan Consumer Protection Act, contract or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action, recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## MINNESOTA

733.    The averments of paragraphs 57-102 are incorporated by reference.

734.    Plaintiff Aaron White brings this action on behalf of himself and the Minnesota Subclass.

735.    Minn. Stat. § 297A.61, subd. 24 imposes a tax on telecommunications services, which are defined as "the electronic transmission, conveyance or routing of voice, data, audio, video, or any other information or signals to a point, or between or among points."  Minn. Stat. § 297A.61, subd. 24(c)(6) provides that telecommunications services do not include Internet access service.

## MINNESOTA SUBCLASS

736.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in

Minnesota and who were charged Internet Taxes on bills issued from November

1, 2005 through [the date immediately preceding the date on which AT&T

Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Minnesota Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Minnesota Subclass."

## COUNT 104

## BREACH OF CONTRACT

737.     The averments of paragraphs 57-102 are incorporated by reference.

738.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act and Minnesota law, AT&T charged White and the Subclass sales tax for Internet access.

739.     In doing so, AT&T breached its contract with White and the Subclass.

740.     As a result of the breach of contract, White and the Subclass were damaged in the amount of the sales tax charged by AT&T for Internet access, together with interest on the money AT&T has wrongfully charged to White and the Subclass.

## COUNT 105

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

741.     The averments of paragraphs 57-102 are incorporated by reference.

742.     AT&T's breaches of the form contract with White and the Subclass, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to White and the Subclass, which is imputed into every contract in Minnesota under the common law of Minnesota, and the Restatement (Second) of Contracts § 205.

743.     AT&T breached its duty of good faith and fair dealing to White and the Subclass by unfairly charging White and the Subclass state and local taxes for Internet access.

744.     The above-mentioned breaches of contract and covenant of good faith and fair dealing have caused White and the Subclass economic damages.

## COUNT 106

## VIOLATION OF MINNESOTA PREVENTION OF CONSUMER FRAUD ACT

745.     The averments of paragraphs 57-102 are incorporated by reference.

746.     The Minnesota Prevention of Consumer Fraud Act (MPCFA) was enacted to prohibit and protect persons from fraud, false pretense, false promise, misrepresentation, and misleading or deceptive practices in connection with the sale of any merchandise (Minn. Stat. § 325F.69, subd. 1).

747.     A sale of services enabling Internet access constitutes "merchandise" within the meaning of the MPCFA (Minn. Stat. § 325F.68, subd. 2).

748.     In failing to inform White and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed fraud, false pretense, false promise, misrepresentation, and misleading or deceptive practices as it omitted, concealed, and suppressed material information and failed to inform White and the Subclass of a material fact in connection with the sale of merchandise in violation of the MPCFA.

749. The aforementioned violations of the MPCFA have caused White and the Subclass substantial and ascertainable loss of money and /or property and other damages.

750. White has been forced to hire attorneys to enforce his rights under the MPCFA, and counsel is authorized to proceed on behalf of White pursuant to Minn. Stat. § 8.31, subd. 3a.

## COUNT 107

## VIOLATION OF MINNESOTA PREVENTION OF CONSUMER FRAUD ACT

## INJUNCTIVE RELIEF

751. The averments of paragraphs 57-102 are incorporated by reference.

752. AT&T continues to charge White and the Subclass state and local sales tax on the sale of Internet access.

753. The charging of state and local sales tax on the sale of Internet access when no such tax is due is a violation of Minnesota law, as pleaded in Count Three. Minn. Stat. § 325F.70 permits the Court, upon proof that defendant has engaged in a practice made enjoinable by § 325F.69, to enjoin the future commission of such practices.

754. Minn. Stat. § 8.31, subd. 3(a) allows any person injured by a violation of Minn. Stat. § 325F.69 to bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the Court.

## COUNT 108

## INJUNCTIVE RELIEF

755. The averments of paragraphs 57-102 are incorporated by reference.

756. AT&T's continuing charging of Plaintiff and the Subclass of state and local sales tax on the sale of Internet access results in a continuing harm to White and the Subclass in that

White and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

757.    Unless enjoined from doing so, AT&T will continue to collect from White and the Subclass state and local sales tax on the sale of Internet access.

758.    White and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of Internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

759.    White and the Subclass have no adequate remedy at law to stop the collection of such taxes.

760.    White and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of Internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, White, on behalf of himself and the Subclass, seeks the following relief:

A.      Damages in the amount of the state and local sales taxes improperly charged by AT&T on sales of Internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for White and the Subclass in the amount of the state and local sales taxes improperly charged by AT&T on sales of Internet access in violation of the Internet Tax Freedom Act and the Minnesota Protection of Consumer Fraud Act.

C.      For an order of this Court enjoining the collection by AT&T of state and local sales taxes on sales of Internet access.

D.      Attorney's fees as permitted by the Minnesota Protection of Consumer Fraud Act, common law, and/or equity.

136

E.      Pre-judgment interest in the statutory amount.

F.      All costs of this action, recovery for which is permitted by law.

G.      Such other and further relief as the Court deems just and proper.

## MISSISSIPPI

761.    The averments of paragraphs 57-102 are incorporated by reference.

762.    Plaintiff Michael Bosarge and Richard Garner bring this action on behalf of themselves and the Mississippi Subclass.

763.    MISSISSIPPI CODE ANNOTATED § 27-65-19 imposes a sales tax on "telecommunications services" as follows:

(e)(i) Upon every person providing services in this state, there is hereby levied, assessed and shall be collected:

1. A tax equal to seven percent (7%) of the gross income received from all charges for intrastate telecommunications services.

2. A tax equal to seven percent (7%) of the gross income received from all charges for interstate telecommunications services.

3. A tax equal to seven percent (7%) of the gross income received from all charges for international telecommunications services.

4. A tax equal to seven percent (7%) of the gross income received from all charges for ancillary services.

5. A tax equal to seven percent (7%) of the gross income received from all charges for products delivered electronically, including, but not limited to, software, music, games, reading materials or ring tones.

137

764.    MISSISSIPPI CODE ANNOTATED § 27-65-19 defines "telecommunications services" to exclude charges for internet access from sales tax:

(iv) For purposes of this paragraph (e):

1. "Telecommunications service" means the electronic transmission, conveyance or routing of voice, data, audio, video or any other information or signals to a point, or between points. The term "telecommunications service" includes such transmission, conveyance or routing in which computer processing applications are used to act on the form, code or protocol of the content for purposes of transmission, conveyance or routing without regard to whether such service is referred to as voice over Internet protocol services or is classified by the Federal Communications Commission as enhanced or value added. The term "telecommunications service" shall not include:

a. Data processing and information services that allow data to be generated, acquired, stored, processed or retrieved and delivered by an electronic transmission to a purchaser where such purchaser's primary purpose for the underlying transaction is the processed data or information;

b. Installation or maintenance of wiring or equipment on a customer's premises;

c. Tangible personal property;

d. Advertising, including, but not limited to, directory advertising;

138

e. Billing and collection services provided to third parties;

f. Internet access service;

g. Radio and television audio and video programming services regardless of the medium, including the furnishing of transmission, conveyance and routing of such services by the programming service provider. Radio and television audio and video programming services shall include, but not be limited to, cable service as defined in 47 USC 522(6) and audio and video programming services delivered by commercial mobile radio service providers, as defined in 47 CFR 20.3;

h. Ancillary services; or

i. Digital products delivered electronically, including, but not limited to, software, music, video, reading materials or ring tones.

### MISSISSIPPI SUBCLASS

765.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Mississippi and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Mississippi Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Mississippi Subclass."

## COUNT 109

## BREACH OF CONTRACT

766.    The averments of paragraphs 57-102 are incorporated by reference.

767.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiffs and the Subclass sales tax for internet access.

768.    In so doing, AT&T breached its contract with Plaintiffs and the Subclass.

769.    As a result of the breach of contract, Plaintiffs and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiffs and the Subclass.

## COUNT 110

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

770.    The averments of paragraphs 57-102 are incorporated by reference.

771.    AT&T's breaches of the form Contracts with the Plaintiffs and the Subclass, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiffs and the Subclass, which is imputed into every contract in Mississippi under the common law of Mississippi and the Restatement (Second) of Contracts §205.

140

772.     AT&T breached its duty of good faith and fair dealing to the Plaintiffs and the Subclass by unfairly charging the Plaintiffs and the Subclass state and/or local sales tax for internet access.

773.     The above-mentioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiffs and the Subclass economic damages.

## COUNT 111

## VIOLATION OF MISSISSIPPI CONSUMER PROTECTION ACT

774.     The averments of paragraphs 57-102 are incorporated by reference.

775.     The Mississippi Consumer Protection Act was enacted to prohibit, and protect persons from, unfair and deceptive trade practices.

776.     The sale of services enabling internet access is a good and/or service which is governed by the Mississippi Consumer Protection Act.

777.     In failing to inform Plaintiffs and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiffs and the Subclass of a material fact in violation of the Mississippi Consumer Protection Act, found at MISSISSIPPI CODE ANNOTATED §75-24-1, *et seq.*

778.     The aforementioned violations of the Mississippi Consumer Protection Act have caused Plaintiffs and the Subclass substantial and ascertainable loss of money and/or property and other damages.

779.     Plaintiffs and the Subclass have been forced to hire attorneys to enforce their rights under the Mississippi Consumer Protection Act.

## COUNT 112

## INJUNCTIVE RELIEF

780.     The averments of paragraphs 57-102 are incorporated by reference.

781.     AT&T's continued charging of Plaintiffs and the Subclass of state and/or local sales tax on the sale of internet access results in a continuing harm to Plaintiffs and the Subclass in that Plaintiffs and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

782.     Unless enjoined from doing so, AT&T will continue to collect from Plaintiffs and the Subclass state and/or local sales tax on the sale of internet access.

783.     Plaintiffs and the Subclass have no adequate remedy at law in that damages can only address state and/or local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

784.     Plaintiffs and the Subclass have no adequate remedy at law to stop the collection of such taxes.

785.     Plaintiffs and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and/or local sales taxes on the sale of internet access, absent this Court's order enjoining AT&T from the collection of such taxes.

PLAINTIFFS DEMAND A TRIAL BY JURY.

WHEREFORE, Plaintiffs on their own behalf and on behalf of the Subclass, seek the following relief:

A.     Damages in the amount of state and/or local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract;

142

B.      Damages for Plaintiffs and the Subclass in the amount of state and/or local sales tax improperly charged by AT&T on sales of internet access in violation of the Mississippi Consumer Protection Act, MISSISSIPPI CODE ANNOTATED §75-24-1, *et seq.*;

C.      Disgorgement of all funds collected by AT&T as state and/or local sales tax on sales of internet access which are not remitted to the State of Mississippi or any local taxing authority, and the return of such funds to the Plaintiffs and members of the Subclass;

D.      An order of this Court enjoining the collection by AT&T of state and/or local sales tax on sales of internet access;

E.      Any and all damages and penalties as permitted by law, including but not limited to damages and penalties imposed by state or federal statute;

F.      Attorneys' fees, as permitted by law, including but not limited to damages and penalties imposed by state or federal statute;

G.      Pre-judgment and post-judgment interest in the statutory amounts;

H.      All costs of this action as permitted by law; and

I.      Any and all such other and further relief as the Court deems proper.

## MISSOURI

786.    The averments of paragraphs 57-102 are incorporated by reference.

787.    Plaintiff Sara Parker Pauley and Bert B. Kimble bring this action on behalf of themselves and the Missouri Subclass.

788.    Section 144.020.1(4), RSMo, imposes a sales tax on "telecommunications service":

[A]ll sales of local and long distance telecommunications service to

telecommunications subscribers and to others through equipment of

143

telecommunications subscribers for the transmission of messages and

conversations and upon the sale, rental or leasing of all equipment or services

pertaining or incidental thereto; except that…any amounts paid for access to the

Internet…shall not be considered as amounts paid for telecommunications

services[.]

789.    Section 144.010(13), RSMo, defines "telecommunications services" to exclude

charges for internet access from sales tax.

[T]he transmission of information by wire, radio, optical cable, coaxial cable,

electronic impulses, or other similar means. As used in this definition,

"information" means knowledge or intelligence represented by any form of

writing, signs, signals, pictures, sounds, or any other symbols.

Telecommunications service does not include the following if such services are

separately stated on the customer's bill or on records of the seller maintained in

the ordinary course of business:

(a) Access to the Internet . . . except the amount paid for the telecommunications

service used to provide such access[.]

## MISSOURI SUBCLASS

790.    The Consolidated Master Class Action Complaint seeks relief for a subclass of

Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Missouri

and who were charged Internet Taxes on bills issued from November 1, 2005

through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Missouri Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Missouri Subclass."

## COUNT 113

## BREACH OF CONTRACT

791.    The averments of paragraphs 57-102 are incorporated by reference.

792.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiffs and the Subclass sales tax for internet access.

793.    In so doing, AT&T breached its contracts with Plaintiffs and the Subclass.

794.    As a result of the breach of contract, Plaintiffs and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiffs and the Subclass.

## COUNT 114

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

795.    The averments of paragraphs 57-102 are incorporated by reference.

796.     AT&T's breaches of the form Contracts with the Plaintiffs and the Subclass, as alleged above, also constitutes a breach of their good faith and fair dealing to Plaintiffs and the Subclass, which is imputed into every Contract in Missouri under the common law of Missouri and the Restatement (Second) of Contracts §205.

797.     AT&T breached its duty of good faith and fair dealing to Plaintiffs and the Subclass by unfairly charging Plaintiffs and the Subclass state and local sales tax for internet access.

798.     The abovementioned breaches of contract and covenant of good faith and fair dealing have caused Plaintiffs and the Subclass economic damages.

## COUNT 115

## VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

## CHAPTER 407 RSMO

799.     The averments of paragraphs 57-102 are incorporated by reference.

800.     The Missouri Merchandising Practices Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

801.     A sale of services enabling Internet access constitutes "merchandise" within the meaning of Chapter 407 RSMo. § 407.010(4), RSMO.

802.      In failing to inform Plaintiffs and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiffs and the Subclass of a material fact in connection with the sale of merchandise in violation of § 407.020, RSMo.

146

803.    The aforementioned violations of the Missouri Merchandising Practices Act, Chapter 407 RSMo., have caused Plaintiffs and the Subclass substantial and ascertainable loss of money and/or property and other damages.

804.    Plaintiffs and the Subclass have been forced to hire attorneys to enforce their rights under the Merchandising Practices Act.

## COUNT 116

### VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

### CHAPTER 407 RSMO

### INJUNCTIVE RELIEF

805.    The averments of paragraphs 57-102 are incorporated by reference.

806.    AT&T continues to charge Plaintiffs and the Subclass state and local sales tax on the sale of internet access.

807.    The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of § 407.020, RSMo, as pleaded in Count III.

808.    Section 407.025 RSMo permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT 117

### UNJUST ENRICHMENT UNDER STATE LAW

809.    The averments of paragraphs 57-102 are incorporated by reference.

810.    Under Missouri law, AT&T may retain 2% of the state sales tax it collects for itself.

811.    On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

812.    AT&T collects this amount to the detriment of Plaintiffs and members of the Subclass.

813.    AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

814.    As a result AT&T is unjustly enriched at the expense of Plaintiffs and the Subclass.

815.    Accordingly, Plaintiffs and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 118

### INJUNCTIVE RELIEF

816.    The averments of paragraphs 57-102 are incorporated by reference.

817.    AT&T's continued charging of state and local sales tax on the sale of internet access to Plaintiffs and the Subclass results in a continuing harm to Plaintiffs and the Subclass in that Plaintiffs and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

818.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiffs and the Subclass state and local sales tax on the sale of internet access.

819.    Plaintiffs and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

820.    Plaintiffs and the Subclass have no adequate remedy at law to stop the collection of such taxes.

821.    Plaintiffs and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiffs on behalf of themselves and the Subclass seek the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiffs and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Missouri Merchandising Practices Act.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Missouri or any local taxing authority and return of such funds to the Plaintiffs and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, § 407.025, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## NEBRASKA

822.    The averments of paragraphs 57-102 are incorporated by reference.

823.     Plaintiff Matthew Cranford brings this action on behalf of himself and the Nebraska Subclass.

824.     Neb. Rev. Stat. 77-2703.04  imposes a sales tax on "telecommunications service" but  sub-section (7)(aa)(vi) specifically excludes "internet access service" from the definition of "telecommunications service."

**NEBRASKA SUBCLASS**

825.     The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Nebraska and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Nebraska Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Nebraska Subclass."

**COUNT 119**

**BREACH OF CONTRACT**

826.     The averments of paragraphs 57-102 are incorporated by reference.

150
