827.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

828.     In so doing, AT&T breached its contract with Plaintiff and the Subclass.

829.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 120

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

830.     The averments of paragraphs 57-102 are incorporated by reference.

831.     AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Subclass.

832.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

833.     The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 121

## VIOLATION OF NEBRASKA DECEPTIVE TRADE PRACTICES ACT

834.     The averments of paragraphs 57-102 are incorporated by reference.

835.     The Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. 87-301, et. seq., prohibits unfair and deceptive trade practices and protect persons from, deceptive, fraudulent and unfair conduct.

836.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise and provision of services in violation of Neb. Rev. Stat. 87-301, et. seq.

837.    The aforementioned violations of the Nebraska Deceptive Trade Practices Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

838.    Plaintiff and the Subclass have been forced to hire attorneys to enforce his rights under the Nebraska Deceptive Trade Practices Act.

## COUNT 122

## VIOLATION OF NEBRASKA DECEPTIVE TRADE PRACTICE

## INJUNCTIVE RELIEF

839.    The averments of paragraphs 57-102 are incorporated by reference.

840.    AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

841.    The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of the Nebraska Deceptive Trade Practices Act,., as pleaded in Count III.

842.    Neb. Rev. Stat. 87-303 permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT 123

## UNJUST ENRICHMENT UNDER STATE LAW

843.    The averments of paragraphs 57-102 are incorporated by reference.

844.    Under Nebraska law, AT&T may retain for itself 2.5% of the state sales tax it collects up to three thousand dollars, and one-half percent for amounts above three thousand dollars each month.

845.    On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

846.    AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

847.    AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

848.    As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

849.    Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 124

## INJUNCTIVE RELIEF

850.    The averments of paragraphs 57-102 are incorporated by reference.

851.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that

Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

852.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

853.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

854.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

855.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of herself and the Subclass seeks the following relief:

A.    Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.    Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Nebraska Deceptive Trade Practices Act.

C.    Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Nebraska or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as allowed by law or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Punitive damages as allowed by law.

I.      Such other and further relief as the Court deems proper.

## NEVADA

856.    The averments of paragraphs 57-102 are incorporated by reference.

857.    Plaintiff Audrey J. Mitchell brings this action on behalf of herself and the Nevada Subclass.

858.    Nevada § 6.13.020 (R.S. Nev.) provides that "(a) Every public utility providing any telecommunications service to any customer located within the county must have a valid unexpired business license issued pursuant to this code and remit to the department a quarterly license fee that it has collected from its customers…." This license fee is measured by the gross revenue of the provider.

859.    "Telecommunications service" has the same meaning as provided in 47 U.S.C. Section 153 that is, it excludes internet access service.

## NEVADA SUBCLASS

860.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Nevada and who were charged Internet Taxes on bills issued from November 1, 2005

155

through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Nevada Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Nevada Subclass."

## COUNT 125

## BREACH OF CONTRACT

861.    The averments of paragraphs 57-102 are incorporated by reference.

862.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

863.    In so doing, AT&T breached its contract with Plaintiff and the Subclass.

864.    The breach is an incidental breach entitling Plaintiff and the Subclass to damages under Nevada law.

865.    As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access.

## COUNT 126

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

866.    The averments of paragraphs 57-102 are incorporated by reference.

867.    AT&T breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of their good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Nevada under case law so as to effectuate the reasonable intentions of the parties, and is supported by the Restatement (Second) of Contracts §205.

868.    AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

869.    In charging the taxes prohibited by law AT&T deliberately contravened the intention and spirit of the contract and acted in a manner inconsistent with the justified expectations of the plaintiff.

870.    The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 127

## UNJUST ENRICHMENT

871.    The averments of paragraphs 57-102 are incorporated by reference.

872.    Under Nevada law, AT&T may retain a percentage of the state sales tax it collects for itself.

873.    On information and belief, AT&T retains the permitted amount of the state sales tax it collects and thus wrongfully obtains a legal benefit.

874.    AT&T collects this amount to the detriment of Plaintiff and members of the Subclass and thus appreciates the benefit.

875.    AT&T retains funds that in good conscience and equity it should not be entitled to retain.

876.    As a result AT&T is unjustly enriched at the expense of the Plaintiff and the Subclass.

877.    AT&T profits from its wrongful conduct in collecting and retaining the taxes. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.    Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.    Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.    Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.    An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.    Attorneys fees as permitted by either the common law, state law, or equity.

F.    Prejudgment interest in the statutory amount.

G.    All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## NEW HAMPSHIRE

878.    The averments of paragraphs 57-102 are incorporated by reference.

879.    Plaintiff Heather Feenstra-Kretschmar brings this action on behalf of herself and the New Hampshire Subclass.

### NEW HAMPSHIRE SUBCLASS

880.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in New Hampshire and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the New Hampshire Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The New Hampshire Subclass."

### COUNT 128

### BREACH OF CONTRACT

881.    The averments of paragraphs 57-102 are incorporated by reference.

159

882.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

883.     In so doing, AT&T breached its contract with Plaintiff and the Subclass.

884.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access.

**COUNT 129**

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

885.     The averments of paragraphs 57-102 are incorporated by reference.

886.     AT&T breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of their good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in New Hampshire under case law so as to effectuate the reasonable intentions of the parties, and is supported by the Restatement (Second) of Contracts §205.

887.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

888.     In charging the taxes prohibited by law AT&T acted in a manner inconsistent with the justified expectations of the plaintiff.

889.     The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## COUNT 130

### UNJUST ENRICHMENT

890.    The averments of paragraphs 57-102 are incorporated by reference.

891.    Under New Hampshire law, AT&T may retain a percentage of the state sales tax it collects for itself.

892.    On information and belief, AT&T retains the permitted amount of the state sales tax it collects and thus wrongfully obtains a legal benefit.

893.    AT&T collects this amount to the detriment of Plaintiff and members of the Subclass and thus appreciates the benefit.

894.     AT&T retains funds that in good conscience and equity it should not be entitled to retain.

895.     As a result AT&T is unjustly enriched at the expense of the Plaintiff and the Subclass.

896.     AT&T profits from its wrongful conduct in collecting and retaining the taxes.

897.     Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 131

## VIOLATION OF N.H. REV. STAT. § 358-A:2

898.     The averments of paragraphs 57-102 are incorporated by reference.

899.     The New Hampshire Consumer Protection Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

900.     A sale of services enabling Internet access constitutes "merchandise" within the meaning of N.H. Rev. Stat. § 358-A:2.

901.     In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of N.H. Rev. Stat. § 358-A:2.

902.     ATT's conduct is objectionable and attains a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.

903.     The aforementioned violations of the N.H. Rev. Stat. § 358-A:2. have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

904.    Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the Unlawful Trade Practices Act.

## COUNT 132

## VIOLATION OF  § N.H. REV. STAT. § 358-A:10

### INJUNCTIVE RELIEF

905.    The averments of paragraphs 57-102 are incorporated by reference.

906.    AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

907.    The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of N.H. Rev. Stat. § 358-A:2., as pleaded above.

908.    N.H. Rev. Stat. § 358-A:10. permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## NEW JERSEY

909.    The averments of paragraphs 57-102 are incorporated by reference.

910.    Plaintiff Ronald Bendien brings this action on behalf of himself and the New Jersey Subclass.

911.    N.J.S.A. 54:32B-2 (cc)(l2) defines "telecommunications services" to exclude charges for Internet access from state sales tax.

### NEW JERSEY SUBCLASS

912.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

163

All persons or entities who are or were customers of AT&T Mobility in New Jersey and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the New Jersey Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The New Jersey Subclass."

## COUNT 133

## AS AGAINST THE DEFENDANT

## BREACH OF CONTRACT

913.     The averments of paragraphs 57-102 are incorporated by reference.

914.     Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for Internet access.

915.     In so doing, AT&T breached its contract with Plaintiff and the Subclass.

916.     As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for Internet access, together with interest on the money, which AT&T has wrongly charged Plaintiff and the Subclass.

164

## COUNT 134

## AS AGAINST THE DEFENDANT

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

917.     The averments of paragraphs 57-102 are incorporated by reference.

918.     AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitutes a breach of their good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in New Jersey under the common law of New Jersey and the Restatement (Second) of Contracts §205.

919.     AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for Internet access.

920.     The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 135

## AS AGAINST THE DEFENDANT

## VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT

## (N.J.S.A. 56:8-1 et seq)

921.     The averments of paragraphs 57-102 are incorporated by reference.

922.     The New Jersey Consumer Fraud Act was enacted to prohibit, and protect persons and other entities from, deceptive, fraudulent and unfair conduct.

923.     A sale of services enabling Internet access constitutes "'merchandise" within the meaning of N.J.S.A. 56:8-1 et seq.

924.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of N.J.S.A. 56:8-1 et seq.

925.    The aforementioned violations of the New Jersey Consumer Fraud Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages. As a result, Plaintiff is entitled to treble damages and the recovery of attorneys' fees. Plaintiff also seeks injunctive relief from the Court.

## COUNT 136

## AS AGAINST THE DEFENDANT

## UNJUST ENRICHMENT UNDER STATE LAW

926.    The averments of paragraphs 57-102 are incorporated by reference.

927.    On information and belief, AT&T retains the difference in the sales tax properly owed to the State of New Jersey and that for which it is exempt under state law.

928.    AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

929.    AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

930.    As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

931.    Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 137

### AS AGAINST THE DEFENDANT

### INJUNCTIVE RELIEF

932.    The averments of paragraphs 57-102 are incorporated by reference.

933.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of Internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

934.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Class state and local sales tax on the sale of Internet access.

935.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of Internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

936.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

937.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of Internet access absent this Court's order enjoining AT&T from the collection of such taxes.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the Subclass seeks the following relief:

A.  Damages in the amount of state and local sales tax improperly charged by AT&T on sales of Internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.  Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of Internet access in violation of the New Jersey Consumer Fraud Statute.

C.  Disgorgement of all funds collected by AT&T as state and local sales tax sales of Internet access not remitted to the state of New Jersey or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.  An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of Internet access.

E.  Attorneys fees as permitted by either the common law, N.J.S.A. 56:8-1 et seq, or equity.

F.  Prejudgment interest in the statutory amount.

G.  Treble damages as permitted under NJ.S.A. 56:8-1 et seq.

H.  All costs of this action recovery for which is permitted by law.

I.  Such other and further relief as the Court deems proper.

## **NEW YORK**

938.  The averments of paragraphs 57-102 are incorporated by reference.

939.  Plaintiff Jonathan Macy brings this action on behalf of himself and the New York Subclass.

940.  New York State Tax Law § 186-e (4)(c) excludes charges for Internet access from state sales tax.

## NEW YORK SUBCLASS

941.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

> All persons or entities who are or were customers of AT&T Mobility in New York and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].
>
> Excluded from the New York Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The New York Subclass."

## COUNT 138

## BREACH OF CONTRACT

942.    The averments of paragraphs 57-102 are incorporated by reference.

943.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for Internet access.

944.    In so doing, AT&T breached its contract with Plaintiff and the Subclass.

945.    As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for Internet access, together with interest on the money, which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 139

## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

946.    The averments of paragraphs 57-102 are incorporated by reference.

947.    AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitutes a breach of their good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in New York under the common law of New York and the Restatement (Second) of Contracts §205.

948.    AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for Internet access.

949.    The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 140

## VIOLATION OF NEW YORK CONSUMER FRAUD ACT

## (N.Y.G.B.L.§349 et seq.)

950.    The averments of paragraphs 57-102 are incorporated by reference.

951.    The New York Consumer Fraud Act was enacted to prohibit, and protect persons and other entities from, deceptive, fraudulent and unfair conduct.

952.    A sale of services enabling Internet access constitutes "merchandise" within the meaning of N.Y.G.B.L. §349 et seq.

170

953.     In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of N.Y.O.B.L. §349 et seq.

954.     The aforementioned violations of the New York Consumer Fraud Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages. As a result, Plaintiff is entitled to treble damages and the recovery of attorneys' fees. Plaintiff also seeks injunctive relief from the Court.

## COUNT 141

## UNJUST ENRICHMENT UNDER STATE LAW

955.     The averments of paragraphs 57-102 are incorporated by reference.

956.     On information and belief, AT&T retains the difference in the sales tax properly owed to the State of New York and that for which it is exempt under state law.

957.     AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

958.     AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

959.     As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

960.     Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 142

### INJUNCTIVE RELIEF

961.    The averments of paragraphs 57-102 are incorporated by reference.

962.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of Internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

963.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of Internet access.

964.    Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of Internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

965.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

966.    Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of Internet access absent this Court's order enjoining AT&T from the collection of such taxes.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Subclass seeks the following relief:

A.    Damages in the amount of state and local sales tax improperly charged by AT&T on sales of Internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.     Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of Internet access in violation of the New York Consumer Fraud Statute.

C.     Disgorgement of all funds collected by AT&T as state and local sales tax sales of Internet access not remitted to the state of New York or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.     An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of Internet access.

E.     Attorney's fees as permitted by either the common law, N.Y.G.B.L. §349 et seq. et seq, or equity.

F.     Prejudgment interest in the statutory amount.

G.     All costs of this action recovery for which is permitted by law.

H.     Such other and further relief as the Court deems proper.

## NORTH CAROLINA

967.     The averments of paragraphs 57-102 are incorporated by reference.

968.     Plaintiff Adrienne M. Fox brings this action on behalf of herself and the North Carolina Subclass.

969.     N.C.G.S. § 105-164.4C imposes a sales tax on "telecommunications service." N.C.G.S. § 105-164.4C provides that "[t]he gross receipts derived from providing telecommunications service. . . in this State are taxed at the rate set in G.S. 105-164.4(a)(4c)." N.C.G.S. § 105-164.4(a)(4c) in turn provides that "[t]he combined general rate applies to the gross receipts derived from providing telecommunications service. . . . A person who provides telecommunications service. . . is considered a retailer under this Article. These services are

173

taxed in accordance with G.S. 105-164.4C." The "combined general rate" is defined by

N.C.G.S. § 105-164.3(4a) as "the State's general rate of tax set in G.S. 105-164.4(a) plus the sum

of the rates of the local sales and use taxes authorized by Subchapter VIII of this Chapter for

every county in this State."

970. N.C.G.S. § 105-164.4C(h)(8) and § 105-164.3(48)(e) define "telecommunications

services" to exclude charges for internet access from sales tax. N.C.G.S. § 105-164.3(48)(e)

provides that "[t]he term [telecommunications service] does not include the following. . . e.

Internet access service." N.C.G.S. § 105-164.4C(h)(8) adopts this definition from § 105-

164.3(48)(e) for § 105-164.4C, thereby excluding internet access from sales tax under § 105-

164.4C.

971. The North Carolina Department of Revenue's Sales and Use Tax Technical

Bulletin § 21 published August 1, 2008 states that "[g]ross receipts derived from the following

are not subject to tax either as a result of a specific exemption or as a result of the service being

excluded from the definition of 'telecommunications service[,]" and lists "Internet access

service, electronic mail service, electronic bulletin board service, or similar on-line services" as

among the services not subject to North Carolina sales tax.

## NORTH CAROLINA SUBCLASS

972. The Consolidated Master Class Action Complaint seeks relief for a subclass of

Plaintiffs described as follows:

> All persons or entities who are or were customers of AT&T Mobility in North
>
> Carolina and who were charged Internet Taxes on bills issued from November 1,
>
> 2005 through [the date immediately preceding the date on which AT&T Mobility

first issues bill to customers that reflect the billing system changes implemented

to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the North Carolina Subclass are: (i) AT&T Mobility, any entity in

which AT&T Mobility has a controlling interest or which has a controlling

interest in AT&T Mobility, and AT&T Mobility's legal representatives,

predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T

Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The North Carolina Subclass."

## COUNT 144

## BREACH OF CONTRACT

973.    The averments of paragraphs 57-102 are incorporated by reference.

974.    North Carolina does not impose sales tax on internet access service and federal

law forbids such taxes.

975.    Despite the lack of sales tax under North Carolina law and the prohibition on state

and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the

Subclass sales tax for internet access.

976.    In so doing, AT&T breached its contract with Plaintiff and the Subclass.

977.    As a result of the breach of contract, Plaintiff and the Subclass were damaged in

the amount of sales tax charged by AT&T for internet access, together with interest on the

money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 145

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

978.    The averments of paragraphs 57-102 are incorporated by reference.

979.    AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as

alleged above, also constitute a breach of AT&T's implied covenant of good faith and fair

dealing to the Plaintiff and the Subclass, which is imputed into every Contract in North Carolina

under the common law of North Carolina and the Restatement (Second) of Contracts § 205.

980.    AT&T breached its duty of good faith and fair dealing to the Plaintiff and the

Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet

access.

981.    The above mentioned breaches of contract and covenant of good faith and fair

dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 146

## UNFAIR AND DECEPTIVE TRADE PRACTICES

982.    The averments of paragraphs 57-102 are incorporated by reference.

983.    AT&T's actions in illegally charging sales tax for internet access as complained

of herein constitute unfair and deceptive acts and practices, in and affecting commerce, in

violation of N.C.G.S. § 75-1.1 *et seq.*

984.    AT&T's sale of services enabling Internet access alleged herein is a business

activity in and affecting commerce within the meaning of N.C.G.S. § 75-1.1.

985.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes

that were not due and in collecting taxes that were not due, AT&T engaged in actions that were

deceptive, unfair, and substantially injurious to North Carolina consumers, in violation of N.C.G.S. § 75-1.1.

986.    In collecting purported taxes that were expressly forbidden by federal and state law enacted to promote internet usage by consumers by keeping internet access accessible, affordable, and untaxed, AT&T engaged in actions that violated public policy, in violation of N.C.G.S. § 75-1.1.

987.    The aforementioned unfair and deceptive acts and practices have proximately caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other actual damages. Pursuant to N.C.G.S. §§ 75-16 and 16.1, Plaintiff and the Subclass are entitled to recover treble damages and attorneys' fees.

## COUNT 147

## INJUNCTIVE RELIEF

988.    The averments of paragraphs 57-102 are incorporated by reference.

989.    AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

990.    Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

991.    Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.  Monetary damages alone can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

992.     Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

### JURY TRIAL DEMAND

WHEREFORE, Plaintiff on behalf of herself and the Subclass seek the following relief:

A.     Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.     Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of N.C.G.S. § 75-1.1, including treble damages under N.C.G.S. § 75-16.

C.     An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

D.     Attorneys fees as permitted by N.C.G.S. § 75-16.1, any other applicable law, or equity.

E.     Prejudgment interest in the statutory amount.

F.     All costs of this action recovery for which is permitted by law.

G.     Such other and further relief as the Court deems proper.

### OHIO

993.     The averments of paragraphs 57-102 are incorporated by reference.

994.     Plaintiff John W. Wallace and Eleanor T. Wallace bring their action on behalf of themselves and the Ohio Subclass.

995.    ORC §5739.02 imposes an excise tax on all retail sales including "telecommunications service" as defined in §5739.01(B)(3)(f).

996.    ORC §5739.02(B)(47) excludes charges for internet access from sales tax: The tax does not apply to the following:

…

(47) Sales of value-added non-voice data service. This division does not apply to any similar service that is not otherwise a telecommunications service.

## OHIO SUBCLASS

997.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Ohio and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].


Excluded from the Ohio Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Ohio Subclass."

## COUNT 148

## BREACH OF CONTRACT

998.    The averments of paragraphs 57-102 are incorporated by reference.

999.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiffs and the Subclass sales tax for internet access.

1000.   In so doing, AT&T breached its contract with Plaintiffs and the Subclass.

1001.   As a result of the breach of contract, Plaintiffs and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiffs and the Subclass.

## COUNT 149

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1002.   The averments of paragraphs 57-102 are incorporated by reference.

1003.   AT&T's breaches of the form Contracts with the Plaintiffs and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Ohio under the common law of Ohio  and the Restatement (Second) of Contracts §205.

1004.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1005.   The above mentioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 150

## VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT

1006.   The averments of paragraphs 57-102 are incorporated by reference.

1007.   The Ohio Consumer Sales Practices Act was enacted to prohibit and protect persons from unfair, deceptive, fraudulent or unconscionable conduct.

1008.   A sale of services enabling Internet access constitutes "merchandise" within the meaning of the Ohio Consumer Sales Practices Act.

1009.   In failing to inform Plaintiffs and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiffs and the Subclass of a material fact in connection with the sale of merchandise in violation of ORC §1345.02 et seq.

1010.   The aforementioned violations of the Consumer Sales Practices Act, have caused Plaintiffs and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1011.   Plaintiffs and the Subclass have been forced to hire attorneys to enforce her rights under the Ohio Consumer Sales Practices Act.

## COUNT 151

## VIOLATION OF  OHIO CONSUMER SALES PRACTICES ACT

## INJUNCTIVE RELIEF

1012.   The averments of paragraphs 57-102 are incorporated by reference.

1013.   AT&T continues to charge Plaintiffs and the Subclass state and local sales tax on the sale of internet access.

181

1014.  The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of ORC §1345.02, as pleaded above.

1015.  ORC §1345.09(D) permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT 152

## UNJUST ENRICHMENT UNDER STATE LAW

1016.  The averments of paragraphs 57-102 are incorporated by reference.

1017.  Under Ohio law, AT&T may retain .75% of the state sales tax it collects for itself.

1018.  On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

1019.  AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

1020.  AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1021.  As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

1022.  Accordingly, Plaintiffs and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 153

## INJUNCTIVE RELIEF

1023.  The averments of paragraphs 57-102 are incorporated by reference.

182

1024.   AT&T's continued charging of Plaintiffs and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiffs and the Subclass in that Plaintiffs and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1025.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiffs and the Subclass state and local sales tax on the sale of internet access.

1026.   Plaintiffs and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1027.   Plaintiffs and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1028.   Plaintiffs and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiffs on behalf of themselves and the Subclass seek the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiffs and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Ohio Consumer Sales Practices Act, ORC §1345.

183

C.      Disgorgement of all funds collected by AT&T as state and local sales tax of internet access not remitted to the state of Ohio or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, §1345.09(F), or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action, recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

**OKLAHOMA**

1029.   The averments of paragraphs 57-102 are incorporated by reference.

1030.   Plaintiff Jane F. Edmonds, Vicki L. Campbell, Vickie C. Leyj bring this action on behalf of themselves and the Oklahoma Subclass.

1031.   Title 68 of the Oklahoma Code, § 1354(A), imposes a sales tax on "telecommunications service":

There is hereby levied upon all sales, not otherwise exempted in the Oklahoma Sales Tax Code, an excise tax of four and one-half percent (4.5%) of the gross receipts or gross proceeds of each sale of the following: . . . 4. Intrastate, interstate and international telecommunications services sourced to this state in accordance with Section 1354.30 of this title and ancillary services.

1032.   Title 68 of the Oklahoma Code, § 1354(A)(4)(a)(6) excludes charges for internet access from sales tax:

"Telecommunications services" do not include: . . . (6) Internet access services.

## OKLAHOMA SUBCLASS

1033.  The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

> All persons or entities who are or were customers of AT&T Mobility in Oklahoma and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

> Excluded from the Oklahoma Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Oklahoma Subclass."

## COUNT 154

## BREACH OF CONTRACT

1034.  The averments of paragraphs 57-102 are incorporated by reference.

1035.  Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiffs and the Subclass sales tax for internet access.

1036.  In so doing, AT&T breached its contract with Plaintiffs and the Subclass.

1037.   As a result of the breach of contract, Plaintiffs and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiffs and the Subclass.

## COUNT 155

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1038.   The averments of paragraphs 57-102 are incorporated by reference.

1039.   AT&T's breaches of the form Contracts with the Plaintiffs and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiffs and the Subclass, which is imputed into every Contract in Oklahoma under the common law of Oklahoma and the Restatement (Second) of Contracts §205.

1040.   AT&T breached its duty of good faith and fair dealing to the Plaintiffs and the Subclass by unfairly charging the Plaintiffs and the Subclass state and local sales tax for internet access.

1041.   The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiffs and the Subclass economic damages.

## COUNT 156

### VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT

1042.   The averments of paragraphs 57-102 are incorporated by reference.

1043.   The Oklahoma Consumer Protection Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

1044.   A sale of services enabling Internet access constitutes "merchandise" within the meaning of the Oklahoma Consumer Protection Act.

1045.   In failing to inform Plaintiffs and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiffs and the Subclass of a material fact in connection with the sale of merchandise in violation of the Oklahoma Consumer Protection Act, 15 O.S. § 751 *et. seq.*

1046.   The aforementioned violations of the Oklahoma Consumer Protection Act have caused Plaintiffs and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1047.   Plaintiffs and the Subclass have been forced to hire attorneys to enforce their rights under the Oklahoma Consumer Protection Act.

## COUNT 157

### UNJUST ENRICHMENT UNDER STATE LAW

1048.   The averments of paragraphs 57-102 are incorporated by reference.

1049.   Under Oklahoma law, AT&T may retain for itself a percentage of the state sales tax it collects.

1050.   On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

1051.   AT&T collects this amount to the detriment of Plaintiffs and members of the Subclass.

1052.   AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

187

1053.   As a result AT&T is unjustly enriched at the expense of Plaintiffs and the Subclass.

1054.   Accordingly, Plaintiffs and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

**COUNT 158**

**INJUNCTIVE RELIEF**

1055.   The averments of paragraphs 57-102 are incorporated by reference.

1056.   AT&T's continued charging of Plaintiffs and the Subclass state and local sales tax on the sale of internet access results in a continuing harm to Plaintiffs and the Subclass in that Plaintiffs and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1057.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiffs and the Subclass state and local sales tax on the sale of internet access.

1058.   Plaintiffs and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1059.   Plaintiffs and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1060.   Plaintiffs and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiffs on behalf of themselves and the Subclass seek the following relief:

A.     Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.     Damages for Plaintiffs and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Oklahoma Consumer Protection Act.

C.     Disgorgement of all funds collected by AT&T as state and local sales tax on sales of internet access not remitted to the state of Oklahoma or any local taxing authority and return of such funds to the Plaintiffs and members of the Subclass.

D.     An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.     Attorneys fees as permitted by either the common law or equity.

F.     Prejudgment interest in the statutory amount.

G.     All costs of this action recovery for which is permitted by law.

H.     Such other and further relief as the Court deems proper.

**OREGON**

1061.   The averments of paragraphs 57-102 are incorporated by reference.

1062.   Plaintiff Craig Wellhouser brings this action on behalf of himself and the Oregon Subclass.

1063.   Oregon permits municipalities to impose a gross receipts tax on exchange access services. § 221.515 (O.R.S.) Exchange access services do not include internet access services.

1064. Nevertheless, the Oregon cities of Creswell, Eugene, North Plains, Oakridge, Portland, and Wilsonville impose a tax in violation of § 221.515.

## OREGON SUBCLASS

1065. The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

> All persons or entities who are or were customers of AT&T Mobility in Oregon and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].
>
> Excluded from the Oregon Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Oregon Subclass."

## COUNT 159

## BREACH OF CONTRACT

1066. The averments of paragraphs 57-102 are incorporated by reference.

1067. Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1068. In so doing, AT&T breached its contract with Plaintiff and the Subclass.

As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access.

## COUNT 160

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1069.   The averments of paragraphs 57-102 are incorporated by reference.

1070.   AT&T breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of their good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Oregon under case law so as to effectuate the reasonable intentions of the parties, and is supported by the Restatement (Second) of Contracts §205.

1071.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1072.   In charging the taxes prohibited by law AT&T acted in a manner inconsistent with the justified expectations of the plaintiff.

1073.   In charging the taxes prohibited by law, AT&T has effectively denied the Plaintiff the benefits or fruits of the contract.

1074.   The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and  return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## COUNT 161

## UNJUST ENRICHMENT

1075.   The averments of paragraphs 57-102 are incorporated by reference.

1076.   Under Oregon law, AT&T may retain a percentage of the state sales tax it collects for itself.

1077.   On information and belief, AT&T retains the permitted amount of the state sales tax it collects and thus obtains a legal benefit.

1078.   AT&T collects this amount to the detriment of Plaintiff and members of the Subclass and thus appreciates the benefit.

192

1079.  AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1080.  As a result AT&T is unjustly enriched at the expense of the Plaintiff and the Subclass.

1081.  Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 162

## VIOLATION OF § 646.608 O.R.S.

1082.  The averments of paragraphs 57-102 are incorporated by reference.

1083.  The Oregon Unlawful Trade Practices Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

1084.  A sale of services enabling Internet access constitutes "merchandise" within the meaning of §§ 646.605, 646.608 O.R.S.

1085.  In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of § 646.608 O.R.S.

1086.  The aforementioned violations of the § 646.608 O.R.S. have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1087.  Plaintiff has been forced to hire attorneys to enforce her rights under the Unlawful Trade Practices Act.

## COUNT 163

## VIOLATION OF § 646.608 O.R.S.

### INJUNCTIVE RELIEF

1088.  The averments of paragraphs 57-102 are incorporated by reference.

1089.  AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1090.  The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of § 646.608 O.R.S., as pleaded above.

1091.  Section 648.638 O.R.S. permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## PENNSYLVANIA

1092.  The averments of paragraphs 57-102 are incorporated by reference.

1093.  Plaintiff Meri Annetti brings this action on behalf of herself and the Pennsylvania Subclass.

1094.  Section 7202 of the Pennsylvania Tax Reform Code of 1971 (the "Tax Code"), 72 P.S. § 7202(c), imposes a sales tax on "telecommunications service":

Notwithstanding any other provisions of this article, the tax with respect to telecommunications service within the meaning of clause (m) of section 201[2] of this article shall, except for telegrams paid for in cash at telegraph

_____

[2] Section 7201(m) defines "tangible personal property."

offices, be computed at the rate of six per cent upon the total amount

charged to customers for such services, irrespective of whether such

charge is based upon a flat rate or upon a message unit charge, but in no

event shall charges for telephone calls paid for by inserting money into a

telephone accepting direct deposits of money to operate be subject to this

tax....

1095.   72 P.S. § 7201(rr) defines "telecommunications services" to exclude charges for

internet access from sales tax:

**"Telecommunications service."** Any one-way transmission or any two-

way, interactive transmission of sounds, signals or other intelligence

converted to like form which effects or is intended to effect meaningful

communications by electronic or electromagnetic means via wire, cable,

satellite, light waves, microwaves, radio waves or other transmission

media. The term includes all types of telecommunication transmissions,

such as local, toll, wide-area or any other type of telephone service;

private line service; telegraph service; radio repeater service; wireless

communication service; personal communications system service; cellular

telecommunication service; specialized mobile radio service; stationary

two-way radio service; and paging service. The term does not include any

of the following:

..

(3) Charges for access to the Internet. Access to the Internet does not

include any of the following:

195

(A) The transport over the Internet or any proprietary network using the

Internet protocol of telephone calls, facsimile transmissions or other

telecommunications traffic to or from end users on the public switched

telephone network if the signal sent from or received by an end user is not

in an Internet protocol.

(B) Telecommunication services purchased by an Internet service provider

to deliver access to the Internet to its customers....

1096.   72 P.S. § 7201(rr) (emphasis in original).   See also Section 60.20 of the

Pennsylvania Code "(6) Internet access. Service charges associated with the provision of Internet

access by an Internet or on-line service provider, including flat rate monthly, installation and

hourly charges, are considered enhanced telecommunication charges and are not subject to sales

and use tax..." 61 Pa. Code § 60.20.[3]

## SUBCLASS

1097.   The Consolidated Master Class Action Complaint seeks relief for a subclass of

Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in

Pennsylvania and who were charged Internet Taxes on bills issued from

November 1, 2005 through [the date immediately preceding the date on which

AT&T Mobility first issues bill to customers that reflect the billing system

changes implemented to cease charging Internet Taxes pursuant to Section 8.1

---

[3] "Enhanced telecommunication services" include internet access.  61 Pa. Code § 60.20(ii).

Excluded from the Pennsylvania Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Pennsylvania Subclass."

<h3 align="center">COUNT 164</h3>

<h3 align="center">BREACH OF CONTRACT</h3>

1098.   The averments of paragraphs 57-102 are incorporated by reference.

1099.   Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1100.   In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1101.   AT&T's breaches of its contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Pennsylvania under the common law of Pennsylvania and the Restatement (Second) of Contracts §205.

1102.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1103.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 165

## VIOLATION OF UNFAIR TRADE PRACTICES

## AND CONSUMER PROTECTION LAW

1104.    The averments of paragraphs 57-102 are incorporated by reference.

1105.    The Pennsylvania UTPCPL was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

1106.    A sale of services enabling Internet access constitutes "merchandise" within the meaning of the UTPCPL.

1107.    In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of §§ 201-2 and 201-3 of the UTPCPL.

1108.    The aforementioned violations of the UTPCPL have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1109.    Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the UTPCPL.

## COUNT 166

## UNJUST ENRICHMENT UNDER STATE LAW

1110.    The averments of paragraphs 57-102 are incorporated by reference.

1111.    Under Pennsylvania sales tax guidelines, AT&T may retain 1% of the state sales tax it collects for itself.

1112. On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

1113. AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

1114. AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1115. As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

1116. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 167

### INJUNCTIVE RELIEF

1117. The averments of paragraphs 57-102 are incorporated by reference.

1118. AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1119. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1120. Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1121.   Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1122.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of herself and the Subclass seeks the following relief:

A.   Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.   Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the (state consumer protection law).

C.   Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Pennsylvania or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.   An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.   Attorneys fees and all other available damages as permitted by either the common law, Section 201-9.2 of the UTPCPL, or equity.

F.   Prejudgment interest in the statutory amount.

G.   All costs of this action recovery for which is permitted by law.

H.   Such other and further relief as the Court deems proper.