**PUERTO RICO**

1123.   The averments of paragraphs 57-102 are incorporated by reference.

1124.   Plaintiff Gira L. Osorio brings this action on behalf of herself and the Puerto Rico Subclass.

1125.   Puerto Rico imposes a sales tax on telecommunications services.  Puerto Rican law expressly excludes from telecommunications services sales of internet access.

1126.   The term "telecommunications service" shall exclude the following:

(vi) Internet access, including access through digital lines (Digital Subscriber Line or DSL). Internet access charges shall not be considered telecommunications services or any other type of taxable service

Subtitle BB - Sales and Use Tax of Act. No. 120 of October 31, 1994, 37.

## PUERTO RICO SUBCLASS

1127.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Puerto

Rico and who were charged Internet Taxes on bills issued from November 1,

2005 through [the date immediately preceding the date on which AT&T Mobility

first issues bill to customers that reflect the billing system changes implemented

to cease charging Internet Taxes pursuant to Section 8.1].


Excluded from the Puerto Rico Subclass are: (i) AT&T Mobility, any entity in

which AT&T Mobility has a controlling interest or which has a controlling

interest in AT&T Mobility, and AT&T Mobility's legal representatives,

predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T

Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Puerto Rico Subclass."

## COUNT 168

## BREACH OF CONTRACT

1128.   The averments of paragraphs 57-102 are incorporated by reference.

1129.   Despite the prohibition on state and local taxes imposed by the Internet Tax

Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1130.   In so doing, AT&T breached its contract with Plaintiff and the Subclass.

As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of

sales tax charged by AT&T for internet access.

## COUNT 169

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1131.   The averments of paragraphs 57-102 are incorporated by reference.

1132.   AT&T breaches of the form Contracts with the Plaintiff and the Subclass, as

alleged above, also constitute a breach of their good faith and fair dealing to the Plaintiff and the

Subclass, which is imputed into every Contract in Puerto Rico under case law so as to effectuate

the reasonable intentions of the parties,  and is supported by the Restatement (Second) of

Contracts §205

1133.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the

Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet

access.

1134.   In charging the taxes prohibited by law AT&T acted in a manner inconsistent with the justified expectations of the plaintiff.

1135.   In charging the taxes prohibited by law, AT&T has effectively denied the Plaintiff the benefits or fruits of the contract.

1136.   The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 170

## UNJUST ENRICHMENT

## (PLEADED IN THE ALTERNATIVE)

1137.   The averments of paragraphs 57-102 are incorporated by reference.

1138.   In the alternative to the causes of action pled, Plaintiff and the Subclass aver that under Puerto Rico law, AT&T may retain a percentage of the state sales tax it collects for itself. On information and belief, AT&T retains the permitted amount of the state sales tax it collects and thus obtains a legal benefit.

1139.   AT&T collects this amount to the detriment of Plaintiff and members of the Subclass and thus appreciates the benefit.

1140.   AT&T is enriched by the funds it collects and retains. Plaintiff and the Subclass are impoverished by the amount retained by AT&T and not paid to the taxing authority of Puerto Rico.

1141.   There is a relationship between the enrichment and the impoverishments set out above in that they arise from the wrongful collection of taxes prohibited by federal law.

1142. There is no justification for collection of taxes that may not lawfully be imposed, and AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1143. As a result AT&T is unjustly enriched at the expense of the Plaintiff and the Subclass and plaintiff is without a remedy other than through unjust enrichment.

1144. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

**COUNT 171**

**VIOLATION OF 23 L.P.R.A. § 1014**

1145. The averments of paragraphs 57-102 are incorporated by reference.

1146. The Puerto Rico Misleading Advertising Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

1147. A sale of services enabling Internet access constitutes "merchandise" within the meaning of 23 L.P.R.A. § 1014.

1148. In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of 23 L.P.R.A. § 1014.

1149. The aforementioned violations of the 23 L.P.R.A. § 1014 have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1150.    Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the Consumer Protection Act.

## COUNT 172

## VIOLATION OF 23 L.P.R.A. 1014

## INJUNCTIVE RELIEF

1151.    The averments of paragraphs 57-102 are incorporated by reference.

1152.    AT&T continues to charge Plaintiff state and local sales tax on the sale of internet access.

1153.    The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of § 23 L.P.R.A.1014., as pleaded in Count III.

1154.    The common law permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.       Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.       Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## RHODE ISLAND

1155.   The averments of paragraphs 57-102 are incorporated by reference.

1156.   Plaintiff James Shirley brings this action on behalf of himself and the Rhode Island Subclass.

1157.   Rhode Island General Laws Sections 44-18-7 and -18, impose a sales tax on "telecommunications service":

§ 44-18-18  **Sales tax imposed.** – A tax is imposed upon sales at retail in this state

. . .

§ 44-18-7  **Sales defined.** – "Sales" means and includes:

. . . .

(9) The furnishing for consideration of intrastate, interstate and international telecommunications service sourced in this state in accordance with subsections 44-18.1(15) and (16) and all ancillary services, any maintenance services of

telecommunication equipment other than as provided for in subdivision 44-18-12(b)(ii).

1158.   Rhode Island General Laws Section 44-18-7.1(y)(i)(G)(6), defines "telecommunications services" to exclude charges for internet access from sales tax:

**§ 44-18-7.1  Additional definitions.**

. . . .

(y) "Telecommunications" tax base/exemption terms:

   (i) Telecommunication terms shall be defined as follows:

. . . .

   (G) "Telecommunications service" means the electronic transmission, conveyance, or routing of voice, data, audio, video, or any other information or signals to a point, or between or among points. The term "telecommunications service" includes such transmission, conveyance, or routing in which computer processing applications are used to act on the form, code or protocol of the content for purposes of transmission, conveyance or routing without regard to whether such service is referred to as voice over Internet protocol services or is classified by the Federal Communications Commission as enhanced or value added. "Telecommunications service" does not include:

. . . .

   (6) Internet access service;

## RHODE ISLAND SUBCLASS

1159.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Rhode Island and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Rhode Island Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Rhode Island Subclass."

## COUNT 173

## BREACH OF CONTRACT

1160.    The averments of paragraphs 57-102 are incorporated by reference.

1161.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1162.    In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1163.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 174

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1164.   The averments of paragraphs 57-102 are incorporated by reference.

1165.   AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Rhode Island under the common law of Rhode Island and the Restatement (Second) of Contracts §205.

1166.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1167.   The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 175

### VIOLATION OF RHODE ISLAND'S DECEPTIVE TRADE PRACTICES ACT

1168.   The averments of paragraphs 57-102 are incorporated by reference.

1169.   The Rhode Island Deceptive Trade Practices Act was enacted to prohibit "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce".  R.I. Gen. Laws §6-13.1-2.

1170.   A sale of services enabling Internet access constitutes "trade" and "commerce" within the meaning of the Rhode Island Deceptive Trade Practices Act.  R.I. Gen Laws §6-13.1-1(5).

1171.   In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with its conduct of "trade" and/or "commerce" in violation of R.I. Gen. Laws §6-13.1-2.

1172.   The aforementioned violations of the Rhode Island Deceptive Trade Practices Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1173.   Plaintiff has been forced to hire attorneys to enforce his rights under the Rhode Island Deceptive Trade Practices Act.

**COUNT 176**

**VIOLATION OF RHODE ISLAND'S DECEPTIVE TRADE PRACTICES ACT**

**INJUNCTIVE RELIEF**

1174.   The averments of paragraphs 57-102 are incorporated by reference.

1175.   AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1176.   The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of R.I. Gen. Laws §6-13.1-2, as pleaded in Count III.

1177.   R.I. Gen. Laws §6-13.1-5.2 permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT 177

## INJUNCTIVE RELIEF

1178.   The averments of paragraphs 57-102 are incorporated by reference.

1179.   AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1180.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1181.   Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1182.   Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1183.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of himself and the Subclass seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Rhode Island Deceptive Trade Practice Act.

C.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

D.      Attorneys fees as permitted by the common law and/or R.I. Gen. Laws §6-13.1-5.2(d) and/or equity.

E.      Prejudgment interest in the statutory amount.

F.      All costs of this action recovery for which is permitted by law.

G.      Such other and further relief as the Court deems proper.

## SOUTH CAROLINA

1184.   The averments of paragraphs 57-102 are incorporated by reference.

1185.   Plaintiff Eric Bosse brings this action on behalf of himself and the South Carolina Subclass.

1186.   South Carolina imposes a 5% sales tax on gross sales of mobile communications services, S.C. Code Ann. Section 12-36-910(B)(3).

1187.   South Carolina counties and cities also impose sales tax on gross sales of mobile communications services, such local taxes ranging from 1% to 2.5% of gross sales.

1188.   South Carolina law provides exemption from sales tax where "the State is prohibited from taxing by the Constitution or laws of the United States of America or by the Constitution or laws of this State."  S.C. Code Ann. Section 12-36-2120.

## SOUTH CAROLINA SUBCLASS

1189.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

> All persons or entities who are or were customers of AT&T Mobility in South Carolina and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

> Excluded from the South Carolina Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The South Carolina Subclass."

## COUNT 178

## BREACH OF CONTRACT

1190.   The averments of paragraphs 57-102 are incorporated by reference.

1191. Despite the Internet Tax Freedom Act's prohibition on the imposition of state and local taxes on internet access, AT&T charged Plaintiff and the Subclass state and local sales tax for internet access.

1192. In so doing, AT&T breached its contract with Plaintiff (and its contracts with the Subclass).

1193. As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 179

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1194. The averments of paragraphs 57-102 are incorporated by reference.

1195. AT&T entered into a written contract with Plaintiff and members of the Subclass. The common law of South Carolina implies a covenant of good faith and fair dealing into this contract.

1196. AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by charging the Plaintiff and the Subclass, unfairly and in violation of the Internet Tax Freedom Act, state and local sales tax for internet access.

1197. The abovementioned breaches of contract and of the covenant of good faith and fair dealing have caused damages to the Plaintiff and to the Subclass.

## COUNT 170

### INJUNCTIVE RELIEF

1198. The averments of paragraphs 57-102 are incorporated by reference.

214

1199. AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect.

1200. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1201. Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1202. Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1203. Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff, on behalf of himself and the Subclass, requests a trial by jury and seeks the following relief:

A. Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B. An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

C. Attorneys fees as permitted by law.

D. Prejudgment interest in the statutory amount.

E.      All costs of this action recovery for which is permitted by law.

F.      Such other and further relief as the Court deems proper.

**TENNESSEE**

1204.   The averments of paragraphs 57-102 are incorporated by reference.

1205.   Plaintiff Robert Wilhite brings this action on behalf of himself and the Tennessee Subclass.

1206.   Tenn. Code Ann. § 67-6-101 et seq., imposes a sales tax of 6 percent on "telecommunications services."

1207.   Additionally, local governments within Tennessee have the discretion to levy a Local Communications Services Tax, which is set by ordinance and varies by county and municipality. Tenn. Code Ann. § 67-6-102 (93)(B).

1208.   Tenn. Code Ann. § 67-6-102 (93)(B), defines "telecommunications services" to exclude "Internet access service"

**TENNESSEE SUBCLASS**

1209.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in

Tennessee and who were charged Internet Taxes on bills issued from November

1, 2005 through [the date immediately preceding the date on which AT&T

Mobility first issues bill to customers that reflect the billing system changes

implemented to cease charging Internet Taxes pursuant to Section 8.1].

216

Excluded from the Tennessee Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Tennessee Subclass."

## COUNT 171

## BREACH OF CONTRACT

1210. The averments of paragraphs 57-102 are incorporated by reference.

1211. Despite the Internet Tax Freedom Act's prohibition on state and local governments imposing taxes on internet access, and Tennessee's law prohibiting the same, AT&T charged Plaintiff and the Subclass purported "taxes" for wireless internet access.

1212. In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1213. As a direct and proximate result of AT&T's breach of contract, Plaintiff and the Subclass were damaged in the amount of purported "taxes" charged by AT&T for internet access, together with interest on the money that AT&T has wrongly charged Plaintiff and the Subclass.

1214. As a direct and proximate result of AT&T's breach of contract, Plaintiff was obligated to retain attorneys to represent her interests in this matter.

1215. Any and all conditions precedent to bringing this action have been met or waived.

## COUNT 172

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1216. The averments of paragraphs 57-102 are incorporated by reference.

1217.   AT&T owed Plaintiff and the Subclass a duty to perform its obligations under the terms of its form Contracts in good faith.

1218.   AT&T's breaches of the form Contracts with Plaintiff and the Subclass, as alleged above, also constitute breaches of the covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every contract in  Tennessee under the common law of Tennessee and the Restatement (Second) of Contracts §205.

1219.   AT&T breached its duty of good faith and fair dealing to Plaintiff and the Subclass by unfairly charging Plaintiff and the Subclass purported "taxes" for internet access.

1220.   As a direct and proximate cause of AT&T's breach of its good faith obligations, Plaintiff and the Subclass were damaged in the amount of purported "taxes" charged by AT&T for internet access, together with interest on the money that AT&T has wrongly charged Plaintiff and the Subclass.

1221.   As a direct and proximate result of AT&T's breach of its good faith obligations, Plaintiff was obligated to retain attorneys to represent his interests in this matter.

1222.   Any and all conditions precedent to bringing this action have been met or waived.

## COUNT 173

## UNJUST ENRICHMENT UNDER STATE LAW

1223.   The averments of paragraphs 57-102 are incorporated by reference.

1224.   Under Tennessee law, AT&T may retain a portion of the purported "taxes" it collects as an administrative collection fee.

1225.   On information and belief, AT&T has retained and continues to retain a portion of the amounts it collects as purported "taxes" for internet access.

1226. AT&T collects and keeps these amounts to the detriment of Plaintiff and members of the Subclass.

1227. AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1228. As a result AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

1229. Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

1230. As a direct and proximate result of AT&T's unjust enrichment, Plaintiff was obligated to retain attorneys to represent his interests in this matter.

1231. Any and all conditions precedent to bringing this action have been met or waived.

## COUNT 174

### INJUNCTIVE RELIEF

1232. The averments of paragraphs 57-102 are incorporated by reference.

1233. AT&T's continued charging of Plaintiff and the Subclass purported state and local "taxes" on internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1234. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass purported state and local "taxes" on internet access.

1235. Plaintiff and the Subclass have no adequate remedy at law in that damages can only address purported state and local "taxes" that AT&T has already collected on internet

access but cannot address AT&T's ongoing collection of such purported "taxes" in violation of the law.

1236.   Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such purported "taxes."

1237.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying purported state and local "taxes" on internet access absent this Court's order enjoining AT&T from the collection of such "taxes."

WHEREFORE, Plaintiff on behalf of himself and the Subclass seek the following relief:

A.      Damages in the amount of purported state and local "taxes" illegally charged by AT&T for internet access services caused by AT&T's breach of contract and/or breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of purported state and local "taxes" improperly charged by AT&T for internet access services in violation of Tennessee law.

C.      Disgorgement of all funds collected by AT&T as purported state and local "taxes" for internet access not remitted to the State of Tennessee or any local taxing authority and return of such funds to Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of purported state and local "taxes" for internet access.

E.      Attorneys' fees as permitted by common law, statute, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action, recovery for which is permitted by law.

H.      Such other and further relief as the Court deems just and proper.

**TEXAS**

1238.    The averments of paragraphs 57-102 are incorporated by reference.

1239.    Plaintiff Harvey Corn and Pam Corn bring this action on behalf of themselves and the Texas Subclass.

1240.    Section 151.051 of the Texas Tax Code imposes a sales tax on a "taxable item" in Texas. Under §151.010 a taxable item is defined as a "taxable service" and under §151.0101 a taxable service is defined to include "internet access." The term "internet access service" is further defined in §151.00394 to mean "a service that enables users to access content, information, electronic mail, or other services offered over the Internet …"

1241.    Section 151.325 of the Texas Tax Code exempts charges for "an amount not to exceed the first $25 of a monthly charge."

## TEXAS SUBCLASS

1242.    The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Texas and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Texas Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors,

221

successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Texas Subclass."

## COUNT 175

## BREACH OF CONTRACT

1243. The averments of paragraphs 57-102 are incorporated by reference.

1244. Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, and the exemption provided by state law, AT&T charged Plaintiffs and the Subclass sales tax for internet access.

1245. In so doing, AT&T breached its contract with Plaintiffs and the Subclass.

1246. As a result of the breach of contract, Plaintiffs and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiffs and the Subclass.

## COUNT 176

## DECLARATORY RELIEF

1247. The averments of paragraphs 57-102 are incorporated by reference.

1248. Under §28 U.S.C. 2201, Plaintiffs and the Subclass ask this court to declare their rights and status under the statutes which deem the sale for internet access to be exempt from sales tax each month. Plaintiffs and the Subclass are under contract to purchase internet access from AT&T and, as such, are interested persons.

## COUNT 177

## UNJUST ENRICHMENT UNDER STATE LAW

1249. The averments of paragraphs 57-102 are incorporated by reference.

222

1250.   Under Texas law and the law in other states, AT&T may retain a percentage of the state sales tax it collects for itself.

1251.   On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

1252.   AT&T collects this amount to the detriment of Plaintiffs and members of the Subclass.

1253.   AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1254.   As a result AT&T is unjustly enriched at the expense of Plaintiffs and the Subclass.

1255.   Accordingly, Plaintiffs and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT 178

## INJUNCTIVE RELIEF

1256.   The averments of paragraphs 57-102 are incorporated by reference.

1257.   AT&T's continued charging of Plaintiffs and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiffs and the Subclass in that Plaintiffs and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1258.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiffs and the Subclass state and local sales tax on the sale of internet access.

1259.   Plaintiffs and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1260.   Plaintiffs and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1261.   Plaintiffs and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiffs on behalf of themselves and the Subclass seek the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and unjust enrichment.

B.      Disgorgement of all funds collected by AT&T as sales tax on internet access fees that were not remitted to the states and other taxing authorities and return of such funds to the Plaintiffs and members of the Subclass.

C.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

D.      Attorneys fees as permitted by either the common law, §28 U.S.C. 2201, or equity.

E.      Prejudgment interest in the statutory amount.

F.      All costs of this action for which recovery is permitted by law.

G.      Such other and further relief as the Court deems proper.

**UTAH**

1262.   The averments of paragraphs 57-102 are incorporated by reference.

1263.   Plaintiff Steven A. Devore brings this action on behalf of himself and the Utah Subclass.

1264.   Utah Code Ann. §59-12-103, imposes a sales tax on "telecommunications service":

"A tax is imposed on the purchaser as provided in this part for amounts paid or charged for the following transactions: telecommunications service, other than mobile telecommunications service, that originates and terminates within the boundaries of this state; mobile telecommunications service that originate and terminates within the boundaries of one state only to the extent permitted by the Mobile Telecommunications Sourcing Act. 4 U.S.C. Sec. 116 et seq." 1B1&2

1265.   Utah Code Ann. §§59-12-102 & 103 define "telecommunications service" to exclude  charges for internet access from sales tax. Utah Code Ann. § 59-12-102(113)(c)(vi), (viii); see also Private Letter Ruling 08-005 issued by the Utah State Tax Commission which states in part that: "The Commission finds that the specific items relating to Internet access . . . are not subject to state or local sales, gross receipts, or municipal fees . . ." PLR 08-005 at page 7.

## UTAH SUBCLASS

1266.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Utah and who were charged Internet Taxes on bills issued from November 1, 2005 through

[the date immediately preceding the date on which AT&T Mobility first issues

bill to customers that reflect the billing system changes implemented to cease

charging Internet Taxes pursuant to Section 8.1].

Excluded from the Utah Subclass are: (i) AT&T Mobility, any entity in which

AT&T Mobility has a controlling interest or which has a controlling interest in

AT&T Mobility, and AT&T Mobility's legal representatives, predecessors,

successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's

employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Utah Subclass."

## COUNT 179

## BREACH OF CONTRACT

1267.   The averments of paragraphs 57-102 are incorporated by reference.

1268.   Despite the prohibition on state and local taxes imposed by the Internet Tax

Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1269.   In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1270.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in

the amount of sales tax charged by AT&T for internet access, together with interest on the

money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 180

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1271.   The averments of paragraphs 57-102 are incorporated by reference.

1272. AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Utah under the common law of Utah and the Restatement (Second) of Contracts §205.

1273. AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1274. The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 181

## INJUNCTIVE RELIEF

1275. The averments of paragraphs 57-102 are incorporated by reference.

1276. AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1277. Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1278. Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1279. Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

227

1280.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

## COUNT 182

## UNJUST ENRICHMENT UNDER STATE LAW

1281.   The averments of paragraphs 57-102 are incorporated by reference.

1282.   Under Utah Code Ann. §59-12-108, AT&T may retain at least 1.31% of the state sales tax it collects for itself.

1283.   On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

1284.   AT&T collects this amount to the detriment of Plaintiff and members of the Subclass.

1285.   AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

1286.   As a result, AT&T is unjustly enriched at the expense of Plaintiff and the Subclass.

1287.   Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

WHEREFORE, Plaintiff on behalf of himself and the Subclass seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Utah or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

C.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

D.      Attorney's fees as permitted by either the common law, or equity.

E.      Prejudgment interest in the statutory amount.

F.      All costs of this action recovery for which is permitted by law.

G.      Such other and further relief as the Court deems proper.

## VERMONT

1288.   The averments of paragraphs 57-102 are incorporated by reference.

1289.   Plaintiff William J. Rogers brings this action on behalf of himself and the Vermont Subclass.

1290.   The State of Vermont imposes a sales tax on "telecommunications service" pursuant to 32 V.S.A. § 9771(5).

## VERMONT SUBCLASS

1291.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Vermont and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing stem changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

229

Excluded from the Vermont Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Vermont Subclass."

## COUNT 183

## BREACH OF CONTRACT

1292.   The averments of paragraphs 57-102 are incorporated by reference.

1293.   Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1294.   In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1295.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 184

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1296.   The averments of paragraphs 57-102 are incorporated by reference.

1297.   AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every contract in Vermont under the common law of Vermont and the Restatement (Second) of Contracts, § 205.

1298.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Vermont state and local sales tax for internet access.

1299.   The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 185

## VIOLATION OF VERMONT CONSUMER FRAUD STATUTE

1300.   The averments of paragraphs 57-102 are incorporated by reference.

1301.   The Vermont Consumer Fraud Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

1302.   A sale of services enabling Internet access constitutes merchandise within the meaning of the Vermont Consumer Fraud Act.

1303.   In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of Vermont law.

1304.   The aforementioned violations of the Vermont Consumer Fraud Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1305.   Plaintiff has been forced to hire attorneys to enforce his rights under the Vermont Consumer Fraud Act.

## COUNT 186

## VIOLATION OF  VERMONT CONSUMER FRAUD ACT

## INJUNCTIVE RELIEF

1306.   The averments of paragraphs 57-102 are incorporated by reference.

1307.   AT&T continues to charge Plaintiff state and local sales tax on the sale of internet access.

1308.   The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of Vermont law, as pleaded in Count III.

1309.   Vermont law permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

## COUNT 187

## INJUNCTIVE RELIEF

1310.   The averments of paragraphs 57-102 are incorporated by reference.

1311.   AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1312.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Vermont state and local sales tax on the sale of internet access.

1313.   Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

232

1314.   Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1315.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of himself and the Subclass seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Vermont Consumer Fraud Act.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Vermont or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, 12 V.S.A. § 2461(b) or equity.

F.      Prejudgment interest in the statutory amount of 12%.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## VIRGINIA

1316.   The averments of paragraphs 57-102 are incorporated by reference.

1317.   Plaintiff James K.S. Stewart brings this action on behalf of himself and the Virginia Subclass.

1318.   Va. Code §58.1-648 imposes a 5% sales tax on "communications services":

"Beginning January 1, 2007, there is levied and imposed, in addition to all other

taxes and fees of every kind im-posed by law, a sales or use tax on the customers

of communications services in the amount of 5% of the sales price of each

communications service that is sourced to the Commonwealth in accordance with

[Va. Code ]§ 58.1-649."

1319.   Va. Code §58.1-648C exempts the following "communications services" from sales tax:

(i) information services . . .  (vii) Internet access service, electronic mail service,

electronic bulletin board service, or similar services that are incidental to Internet access,

such as voice-capable e-mail or instant messaging; (viii) digital products delivered

electronically, such as software, downloaded music, ring tones, and reading materials;

and (ix) over-the-air radio and television service broadcast without charge by an entity

licensed for such purposes by the Federal Communications Commission.

## VIRGINIA SUBCLASS

1320.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Virginia

and who were charged Internet Taxes on bills issued from November 1, 2005

through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Virginia Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The Virginia Subclass."

## COUNT 188

## BREACH OF CONTRACT

1321.   The averments of paragraphs 57-102 are incorporated by reference.

1322.   Despite the prohibition by state law and the Internet Tax Freedom Act on the imposition of state and local taxes on internet access, AT&T charged Plaintiff and the Subclass state and local sales tax for internet access.

1323.   In so doing, AT&T breached its contract with Plaintiff (and its contracts with the Subclass).

1324.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 189

## BREACH OF CONVENANT OF GOOD FAITH AND FAIR DEALING

1325.   The averments of paragraphs 57-102 are incorporated by reference.

1326.   AT&T entered into a written contract with Plaintiff and members of the Subclass. The common law of Virginia implies a covenant of good faith and fair dealing into this contract.

1327.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by charging the Plaintiff and the Subclass, unfairly and in violation of the Internet Tax Freedom Act, state and local sales tax for internet access.

1328.   The abovementioned breaches of contract and of the covenant of good faith and fair dealing have caused damages to the Plaintiff and to the Subclass.

## COUNT 190

## INJUNCTIVE RELIEF

1329.   The averments of paragraphs 57-102 are incorporated by reference.

1330.   AT&T's continued charging of Plaintiff and the Subclass of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect.

1331.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1332.   Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1333.   Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1334.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

## COUNT 191

## VIOILATION OF VIRGINIA CONSUMER PROTECTION ACT

1335.   The averments of paragraphs 57-102 are incorporated by reference.

1336.   The Virginia Consumer Protection Act ("VCPA") was enacted "to promote fair and ethical standards of dealings between suppliers and members of the consuming public."

1337.   AT&T is a "supplier" as that term is defined in Section 59.1-198 of the VCPA and is therefore subject to the provisions of the VCPA.

1338.   In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of services in violation of §59.1-200 of the VCPA.

1339.   The aforementioned violations of the VCPA have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1340.   Plaintiff has been forced to hire attorneys to enforce his rights under the VCPA and seeks all damages available under the VCPA, including attorney fees.

WHEREFORE, Plaintiff, on behalf of himself and the Subclass, requests a trial by jury and seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

C.      Attorneys fees as permitted by law.

D.      Prejudgment interest in the statutory amount.

E.      All costs of this action recovery for which is permitted by law.

F.      Such other and further relief as the Court deems proper.

## WASHINGTON

1341.   The averments of paragraphs 57-102 are incorporated by reference.

1342.   Plaintiff Matthew J. Vickery brings this action on behalf of himself and the Washington Subclass.

1343.   RCW ch. 82.04 imposes an excise tax on "telecommunications service," as defined in RCW 82.04.065(27). However, the statute expressly excludes "internet access service" from the definition of "telecommunications service." RCW 82.04.65(27)(c).

## WASHINGTON SUBCLASS

1344.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in

Washington and who were charged Internet Taxes on bills issued from November

1, 2005 through [the date immediately preceding the date on which AT&T

Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Washington Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Washington Subclass."

## COUNT 192

## BREACH OF CONTRACT

1345.    The averments of paragraphs 57-102 are incorporated by reference.

1346.    Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff tax for internet access.

1347.    In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1348.    As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 193

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1349.    The averments of paragraphs 57-102 are incorporated by reference.

1350.    AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of AT&T's covenant of good faith and fair dealing to the

Plaintiff and the Subclass, which is imputed into every contract in Washington under the common law of Washington and the Restatement (Second) of Contracts §205.

1351.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local taxes for internet access.

1352.   AT&T's breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 194

## VIOLATION OF WASHINGTON STATE CONSUMER PROTECTION ACT

1353.   The averments of paragraphs 57-102 are incorporated by reference.

1354.   The Washington State Consumer Protection Act was enacted to prohibit, and protect persons from unfair or deceptive acts or practices in the conduct of any trade or commerce.  RCW 19.86.020.

1355.   A sale of services enabling internet access constitutes "trade" or "commerce" within the meaning of the Washington State Consumer Protection Act.

1356.   In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, and in charging such taxes, AT&T violated RCW 19.86.020.

1357.   AT&T's violations of the Washington State Consumer Protection Act have caused Plaintiff and the Subclass substantial damages.

1358.   Plaintiff and the Subclass are entitled to injunctive relief, as well as to recover their actual damages, attorneys' fees, costs of suit, and treble damages, pursuant to RCW 19.86.090.

## COUNT 195

## INJUNCTIVE RELIEF

1359.   The averments of paragraphs 57-102 are incorporated by reference.

1360.   AT&T's continued charging of Plaintiff and the Subclass of state and local tax on the sale of internet access results in a continuing harm to Plaintiff and the Subclass in that Plaintiff and the Subclass must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

1361.   Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Subclass state and local tax on the sale of internet access.

1362.   Plaintiff and the Subclass have no adequate remedy at law in that damages can only address state and local tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

1363.   Plaintiff and the Subclass have no adequate remedy at law to stop the collection of such taxes.

1364.   Plaintiff and the Subclass seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local taxes on the sale of internet access.

WHEREFORE, Plaintiff on behalf of himself and the Subclass of all others similarly situated seeks the following relief:

A.      Damages in the amount of state and local tax improperly charged by AT&T on sales of internet access for breach of contract and for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local tax improperly charged by AT&T on sales of internet access in violation of the Washington State Consumer Protection Act, including treble damages as provided by statute.

C.      Disgorgement of all funds collected by AT&T as state and local taxes of internet access not remitted to the State of Washington or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local tax on sales of internet access.

E.      An award of plaintiff's reasonable attorneys' fees.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems just and proper.

## WEST VIRGINIA

1365.   The averments of paragraphs 57-102 are incorporated by reference.

1366.   Plaintiff Jill Murphy brings this action on behalf of herself and the West Virginia Subclass.

### WEST VIRGINIA SUBCLASS

1367.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in West

Virginia and who were charged Internet Taxes on bills issued from November 1,

2005 through [the date immediately preceding the date on which AT&T Mobility

first issues bill to customers that reflect the billing system changes implemented

to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the West Virginia Subclass are: (i) AT&T Mobility, any entity in

which AT&T Mobility has a controlling interest or which has a controlling

interest in AT&T Mobility, and AT&T Mobility's legal representatives,

predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T

Mobility's employees, officers, directors, agents and representatives.

The Subclass shall be known by its state name, "The West Virginia Subclass."

## COUNT 196

## BREACH OF CONTRACT

1368.   The averments of paragraphs 57-102 are incorporated by reference.

1369.   Despite the prohibition on state and local taxes imposed by the Internet Tax

Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1370.   In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1371.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in

the amount of sales tax charged by AT&T for internet access, together with interest on the

money which AT&T has wrongly charged Plaintiff and the Subclass.

## COUNT 197

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1372.   The averments of paragraphs 57-102 are incorporated by reference.

1373.   AT&T's breaches of the form Contracts with the Plaintiff and the Subclass, as

alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the

Plaintiff and the Subclass, which is imputed into every Contract in West Virginia under the common law of West Virginia and the Restatement (Second) of Contracts §205.

1374. AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1375. The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 198

## WEST VIRGINIA

## VIOLATION OF (STATE CONSUMER PROTECTION ACT)

1376. The averments of paragraphs 57-102 are incorporated by reference.

1377. The West Virginia Consumer Credit and Protection Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct. § 46A-6-101 W.V.S.A.

1378. A sale of services enabling Internet access constitutes "merchandise" within the meaning of the West Virginia Consumer Credit and Protection Act. § 46A-6-102(4) W.V.S.A.

1379. In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of § 46A-6-102(7)(M) W.V.S.A.The aforementioned violations of the West Virginia Consumer Credit and Protection Act have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1380.  Plaintiff and the Subclass have been forced to hire attorneys to enforce their rights under the Merchandising Practices Act.

## COUNT 199

## VIOLATION OF  (STATE CONSUMER PROTECTION ACT

## INJUNCTIVE RELIEF

1381.  The averments of paragraphs 57-102 are incorporated by reference.

1382.  AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1383.  The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of § 46A-6-102(7)(M) W.V.S.A., as pleaded in Count III.

1384.  Section § 46A-6-106(A) W.V.S.A. permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

## WYOMING

1385.   The averments of paragraphs 57-102 are incorporated by reference.

1386.   Plaintiff Miracles Meyer brings this action on behalf of himself and the Wyoming Subclass.

1387.   The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of W.S.1977 § 40-12-105, as pleaded in Count III.

## WYOMING SUBCLASS

1388.   The Consolidated Master Class Action Complaint seeks relief for a subclass of Plaintiffs described as follows:

All persons or entities who are or were customers of AT&T Mobility in Wyoming and who were charged Internet Taxes on bills issued from November 1, 2005 through [the date immediately preceding the date on which AT&T Mobility first issues bill to customers that reflect the billing system changes implemented to cease charging Internet Taxes pursuant to Section 8.1].

Excluded from the Wyoming Subclass are: (i) AT&T Mobility, any entity in which AT&T Mobility has a controlling interest or which has a controlling interest in AT&T Mobility, and AT&T Mobility's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) AT&T Mobility's employees, officers, directors, agents and representatives. The Subclass shall be known by its state name, "The Wyoming Subclass."

## COUNT 200

## BREACH OF CONTRACT

1389.   The averments of paragraphs 57-102 are incorporated by reference.

1390.   Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiff and the Subclass sales tax for internet access.

1391.   In so doing, AT&T breached its contract with Plaintiff and the Subclass.

1392.   As a result of the breach of contract, Plaintiff and the Subclass were damaged in the amount of sales tax charged by AT&T for internet access.

## COUNT 201

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1393.   The averments of paragraphs 57-102 are incorporated by reference.

1394.   AT&T breaches of the form Contracts with the Plaintiff and the Subclass, as alleged above, also constitute a breach of their good faith and fair dealing to the Plaintiff and the Subclass, which is imputed into every Contract in Wyoming under case law so as to effectuate the reasonable intentions of the parties, and is supported by the Restatement (Second) of Contracts §205.

247

1395.   AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Subclass by unfairly charging the Plaintiff and the Subclass state and local sales tax for internet access.

1396.   In charging the taxes prohibited by law AT&T acted in a manner inconsistent with the justified expectations of the plaintiff.

1397.   The abovementioned breaches of contract and of the covenant of good faith and fair dealing have caused the Plaintiff and the Subclass economic damages.

## COUNT 202

## UNJUST ENRICHMENT

1398.   The averments of paragraphs 57-102 are incorporated by reference.

1399.   Under Wyoming law, AT&T may retain a percentage of the state sales tax it collects for itself.

1400.   On information and belief, AT&T retains the permitted amount of the state sales tax it collects.  This constitutes the payment of money (or the conferring of a benefit) to AT&T.

1401.   AT&T collects the tax amount set forth above to the detriment of Plaintiff and members of the Subclass and thus AT&T appreciates the benefit conferred by payment of these taxes.

1402.   Because the taxes are prohibited by law, AT&T retains funds that in good conscience and equity it should not be entitled to retain.

1403.   As a result AT&T is unjustly enriched at the expense of the Plaintiff and the Subclass.

1404.   AT&T profits from its wrongful conduct in collecting and retaining the taxes.

1405.   Accordingly, Plaintiff and the Subclass seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

248

## COUNT 203

## VIOLATION OF W.S.1977 § 40-12-105

1406.   The averments of paragraphs 57-102 are incorporated by reference.

1407.   The Wyoming Consumer Protection Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

1408.   A sale of services enabling Internet access constitutes "merchandise" within the meaning of W.S.1977 § 40-12-105.

1409.   In failing to inform Plaintiff and the Subclass that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Subclass of a material fact in connection with the sale of merchandise in violation of W.S.1977 § 40-12-105.

1410.   The aforementioned violations of W.S.1977 § 40-12-105 have caused Plaintiff and the Subclass substantial and ascertainable loss of money and/or property and other damages.

1411.   Plaintiff and the Subclass have been forced to hire attorneys to enforce her rights under the Unlawful Trade Practices Act.

## COUNT 204

## VIOLATION OF  § W.S.1977 § 40-12-105

## INJUNCTIVE RELIEF

1412.   The averments of paragraphs 57-102 are incorporated by reference.

1413.   AT&T continues to charge Plaintiff and the Subclass state and local sales tax on the sale of internet access.

1414.   The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of W.S.1977 § 40-12-105, as pleaded above.

1415.   The common law permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

WHEREFORE, Plaintiff, individually and on behalf of the Subclass, seeks the following relief:

A.      Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Damages for Plaintiff and the Subclass in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the state consumer protection laws.

C.      Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state or any local taxing authority and return of such funds to the Plaintiff and members of the Subclass.

D.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.      Attorneys fees as permitted by either the common law, state law, or equity.

F.      Prejudgment interest in the statutory amount.

G.      All costs of this action recovery for which is permitted by law.

H.      Such other and further relief as the Court deems proper.

WHEREFORE, on behalf of themselves and the Class and Subclasses they seek to represent, Plaintiffs seek the following relief:

A.      Damages in the amount of "taxes" improperly charged by AT&T on sales of wireless internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.      Disgorgement of all funds collected by AT&T as state and local sales "taxes" on wireless internet access not remitted to the states or any local taxing authority and return of such funds to the Plaintiffs and members of the Class and Subclasses.

C.      An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of wireless internet access.

D.      Attorneys' fees as permitted by common law, statute, or equity.

E.      Prejudgment interest in the statutory amount.

F.      All costs of this action recovery for which is permitted by law.

G.      Such other and further relief as the Court deems proper.


Respectfully submitted,

/s/ Edward D. Robertson, Jr.
Edward D. Robertson, Jr.
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Mo. 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net

and

251

/s/ Harry Huge
Harry Huge
The Huge Law Firm LLC
Suite 3016
1080 Wisconsin Ave, N.W.
Washington, D.C. 20007
202-965-4672
harryhuge@comcast.net

INTERIM SETTLEMENT CLASS COUNSEL

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties on this 24th day of June 2010, via ECF and by mailing a true and accurate copy by first class mail, postage prepaid to all parties that have not established ECF notification.

/s/ Edward D. Robertson, Jr.
Interim Settlement Class Counsel