**UNITED STATES DISTRICT COURT**
**NOERTHERN DISTRICT OF ILLINOIS**

IN RE: AT&T MOBILITY WIRELESS
DATA SERVICES SALES TAX
LITIGATION

Case No. 1:10-cv-02278
Judge Amy J. St. Eve

This document relates to all actions

To The Honorable District Judge:

Comes Travis Cox, and Margaret Johnson ("Objectors"), and files these Objections to the Proposed Settlement, Objection to Class Notification, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1.  Objectors are class members**

Objector Travis Cox resides at 4934 Tremont, Dallas, Texas 75214 and did not receive notice of the lawsuit or the settlement but is a member of the class who had AT&T Mobility services from October 2008 until November 2010, a copy of his customer service summary which shows services for an Iphone data is attached hereto as Exhibit "1" which shows a monthly assessment for state and local taxes

Objector Nikki Johnson resides at 2512 Maple, Unit 2B, Dallas, Texas 75201 and received postcard notice. Johnson had AT&T Mobility services and was charged state and local taxes.

_____
1

Cox and Johnson object to the settlement in this case and are both members of the purposed Texas subclass. Texas is one of several states which have grandfather clauses allowing the collection of the tax in question. The relevant Texas statutes are the Texas Tax Code Section 151.0101(a) which authorizes the tax and section 151.325 which exempts the first $25.00 of the monthly charge from the tax. The statute of limitations to request sales tax refunds in Texas is four years from the date the tax was due. See Texas Tax Code Section 151.401.

**2. Objection to Class Notice**

The Court in it's Memorandum Opinion and Order (Doc 97) page 8, notes that AT&T has over 80 million subscribers and that the class includes 29 million accounts. Potential class members are entitled to the best notice that is practicable under the circumstances. Class counsel failed in their attempt to meet the above burden. The notice plan seems to incorporate four methods, direct bill notice, text message, publication and mailed notice. The purposed notice is insufficient and fails to meet due process requirements and does not constitute the best notice practicable under the circumstances and is insufficient notice to all persons entitle do notice of the settlement.

**3. Objections to the Settlement**

The settlement is not fair, reasonable, or adequate, and Objectors object to the proposed settlement, for the following reasons:

The settlement has been reached without any formal discovery.

The class does not know the amount of money at issue and there is no indication that the 2000 taxing jurisdictions mentioned will pay refunds. In Texas the state is currently

facing a 25 billion budget deficit and it is unlikely any refund will be given without extensive litigation against the State of Texas.

Each state subclass should have separate counsel because class counsel claim to represent AT&T customers in all states but because class counsel will receive large fees on refunds from some states even if AT&T customers in other states receive little if anything. The result is some AT&T customers will be sacrificed in favor of AT&T customers in other states. Clearly counsel is needed for each subclass.

Incentive payments to class representatives are excessive.

If AT&T Mobility wrongly collected the tax then AT&T Mobility should immediately pay AT&T customers no matter when and if AT&T Mobility secures a tax refund. All AT&T Mobility is doing is that in exchange for a release it will act as

AT&T Mobility has wrongfully collected taxes from it's customers were the refund will be barred by limitations. Clearly with a Texas four year statute of limitations from the date the tax was due the period in question will not relate back to 2005, but will be 2007 or later.

What is the value of the settlement to class members? We do not know as neither the Settlement Agreement or Preliminary Approval Order even attempts to make an estimate. It is difficult to evaluate a settlement without an estimated value to the class, which further makes evaluation of attorneys fees difficult.

**4. Objections to the Fee Petition**

> Here, Class Counsel will not file an attorney fee application prior to the objection deadline on March 10, 2011. Instead they will request up to 10% of the settlement value or 25% of the amounts refunded, Settlement Agreement Paragraph 12. Class members, therefore, were not given a reasonable time to evaluate and object to the motion. It will also

_____

3

> be impossible to do any lodestar cross check. Counsel are being given a blank check without regard to any check on the amount of time expended

Fed. R. Civ. P. 23(h) provides, in relevant part:

> (h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.

*Moore's Federal Practice,* §23.124[4] (*Mathew Bender,* 3d ed. 2009) counsels that "any objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all the materials that may have been submitted in support of the motion and, in appropriate cases, conduct discovery concerning the fee request."

> "The plain text of the rule requires a district court to set the deadline for objections to counsels' fee request on a date after the motion and documents supporting it have been filed."

*In Re: Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993.

*In Re: Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), is a case strikingly similar to this appeal. It is also the only case, on information and belief, that has addressed the abusive practice of setting objection deadlines prior to the deadline for filing motions for attorney fees in class actions. In holding that Rule 23(h) and due process require the fee motion to precede the objection deadline, the *Mercury* court held, at p. 993-94:

_____

4

> The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.
>
> The Advisory Committee Notes to the 2003 amendments to Rule 23(h) further support this reading of the rule. They elaborate that "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 68. The Advisory Committee Notes further contemplate that, in appropriate cases, the court will permit an "objector discovery relevant to the objections." Id. ¶ 69. Clearly, the rule's drafters envisioned a process much more thorough than what occurred in this case.
>
> Commentators also agree with this logical interpretation of the rule. . . . . Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

In this case, Teachers was denied such an opportunity. At the time that its objections to the fee request were due, Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what that work was, how much time it consumed, and whether and how it contributed to the benefit of the class

The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

---

5

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict … The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335.

The requested amounts are excessive. .

Objector objects to the request for fees to Class Counsel. If this case is governed by the Fifth Circuit which includes Texas the fees would be based on a lodestar analysis. In this case there will not even be the opportunity to cross check using the lodestar method.

No fees should be awarded until all refunds are obtained, if any.

**5. Objector Incorporates any Proper Objections Filed by Other Objectors Herein.**

Wherefore, Objector prays that the Court deny the proposed settlement, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

/s/Michael Brooks
Michael Brooks
Kerns, Frost & Pearlman LLC
70 W. Madison St., Suite 5350
Chicago, Ill 60602
312-261-4550
mbrooks@kfplegal.com

6

/s/Thomas l. Cox Jr.
Pro Hac Vice
4934 Tremont
Dallas, Texas 75214
469-531-3313
Tcox009@yahoo.com

7

**Certificate of Service**

I hereby certify that a copy of the above and foregoing document has been served upon the following by ECF on February 2, 2011 and by mail to the following

Bartimus Frickleton

Robertson & Gomy, P.C.

P.O. Box 480020

Kansas City, MO 64148


The Huge Law Firm PLLC

P.O. Box 57277

Washington, D.C. 20037-0277


:Roman P. Wuller

Thompson Coburn LLP

One U.S. Bank Plaza, Suite 3500

St. Louis, Missouri 63101


Archis A. Parasharami

Mayer Brown LLP

1999 K Street, N.W.

Washington, DC 20006


                                                          /s/Thomas L. Cox Jr.

_____
8