FILED

FEB - 8 2011

FEB 8 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NOERTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: AT&T MOBILITY WIRELESS DATA SERVICES SALES TAX LITIGATION<br><br>This document relates to all actions | Case No. 1:10-cv-02278<br>Judge Amy J. St. Eve |

To The Honorable District Judge:

Comes Paige Nash ("Objector"), and files these Objections to the Proposed Settlement, Objection to Class Notification, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

Objector Paige Nash resides at 4134 Hawthorne Ave., Dallas, Texas 75219 and received postcard notice. Nash had AT&T Mobility services and was charged state and local taxes.

. 2. Nash complains of the notice afforded class members in this case since, by definition, all class members contact information is known to the litigants. All of the class is entitled to personal notice. To do otherwise, is a violation of the notice requirements of Fed. R. Civ. P. 23, due process rights and is contra to the decisions in Mullane v. Central Hanover Bank and Trust Co. (1950) and Eisen v. Carlisle and Jacquelin (1974).

3. Objection is made to any fee award in this case until and unless the class has a meaningful opportunity to review the fee motion in a timely fashion prior to any deadline

1

to object. As this case is now scheduled, the fee petition will be filed after the objection deadline. This sequence of events violates due process, the express terms of Fed. R. Civ. P. 23(h) and the decision in *In Re: Mercury Interactive Corp. Securities Litigation*, 618 F.3d 989 (9th Cir. 2010).

4. This is a sorry settlement that displaces the burden for failure to collect a refund on the class. The burden rightfully falls on AT&T since they are the ones who wrongfully paid the fees. They are the ones responsible for the damage done. Also, the attorneys are collecting double fees. Any discussion on attorney fees should not be made until after the amount collected is known. Right now there is no basis upon which to support an award of attorney fees.

5. This objector hereby incorporates all objections made in this litigation by others. Objector Nash requests the court to (a) reschedule the objection deadline until after the fee motion is filed and reschedule the fairness hearing until a time that will allow the class to review the fee request and make an intelligent reasoned decision as to whether or not to object, and (b) require personal notice to the entire class to allow them their required due process and for such relief as to the court seems proper.

/s/Michael Brooks
Michael Brooks
Kerns, Frost & Pearlman LLC
70 W. Madison St., Suite 5350
Chicago, Ill 60602
312-261-4550
mbrooks@kfplegal.com

/s/Gary W. Sibley
2414 No Akard Suite 700
Dallas, Tx 75201
214-522-5222
g@juris.cc

**Certificate of Service**

I hereby certify that a copy of the above and foregoing document has been served upon the following by ECF on February 2, 2011 and by mail to the following:

Bartimus Frickleton

Robertson & Gomy, P.C.

P.O. Box 480020

Kansas City, MO 64148

The Huge Law Firm PLLC

P.O. Box 57277

Washington, D.C. 20037-0277

:Roman P. Wuller

Thompson Coburn LLP

One U.S. Bank Plaza, Suite 3500

St. Louis, Missouri 63101

Archis A. Parasharami

Mayer Brown LLP

1999 K Street, N.W.

Washington, DC 20006

/s/Gary W Sibley.

4