# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2278 | **DATE** | 6/2/2011 |
| **CASE TITLE** | In Re: AT&T Mobility Wireless Data Services Tax Litigation | | |

**DOCKET ENTRY TEXT**

The Court denies Stephen Johnson's motion to intervene [192] and denies, as moot, Stephen Johnson's motion for attorneys' fees [188].

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

### INTRODUCTION

Before the Court are Stephen Johnson's motion to intervene (R. 192) and motion for his attorney's fee (R. 188). This order accompanies separate memorandum opinions and orders, which grant final approval of the Settlement Agreement, grant in part and deny in part Class Counsel's motion for approval of attorneys' fees, costs and expenses, and for incentive payments, and approve John Gaffigan's motion for an incentive payment. The Court assumes familiarity with the facts of the case.

The Court denies Johnson's motion to intervene, and denies, as moot, his motion for his attorney's fee.

### BACKGROUND

This case concerns a multi-district class action against AT&T Mobility, which Plaintiffs contend violated the Internet Tax Freedom Act ("ITFA"), among other laws, by charging Internet-access taxes. (R. 1; R. 48.) In transferring the MDL to this Court, the United States Judicial Panel on Multidistrict Litigation ("JPML") declined to include an action brought by Stephen Johnson in the U.S. District Court for the Southern District of Texas because it was sufficiently distinct to warrant exclusion. (R. 1.) On May 11, 2011, Johnson sought to intervene in this case following the U.S. Supreme Court's decision of April 27, 2011, in *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011). Johnson reads *Concepcion* as effectively precluding his argument in the Southern District of Texas that AT&T's arbitration provision is not enforceable. (R. 188 at 1-2; R.192 at 2.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

After he and Class Counsel were unable to reach agreement on the issue, Johnson filed a motion for an award of an attorney's fee for the Texas Subclass "out of fees to be awarded Cooperating Counsel in this proceeding." (R. 188 at 1.) He points to a variety of actions, including his successful exclusion from the MDL, that he and his attorney took that helped to induce AT&T to enter into the Settlement Agreement in this case. (*Id.* at 7.)

## DISCUSSION

Federal Rule of Civil Procedure 24 provides that, on timely motion, a person may intervene as of right if a federal statute provides her an unconditional right to intervene or if that person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Separately, on timely motion, a "court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." *Id.* at 24(b)(1).

The Court denies Johnson's motion to intervene. In the first place, the motion is untimely. After holding the fairness hearing on March 10, 2011, the Court ordered that amici briefs were due on or before April 1, 2011. (R. 169.) Johnson, a nonparty to this case, did not move to intervene until more than a month after this deadline, and did not file any objection for presentation at the fairness hearing. Johnson purports to seek the same relief that John Gaffigan, a plaintiff against AT&T before the U.S. District Court for the Eastern District of Missouri, did. (R. 188 at *passim*.) Gaffigan, however, who is a Class Member, filed a timely motion to intervene on July 8, 2010. (R. 56.) In addition, the Supreme Court's opinion in *Concepcion*, which may have foreclosed Johnson's action in Texas, does not justify his decision not to intervene earlier.

Beyond the timeliness issue, Johnson does not point to a federal statute that provides him with either an unconditional or conditional right to intervene. (R. 192 at *passim*.) Nor has he demonstrated "an interest relating to the property or transaction that is the subject of the action." Johnson, having opted out, is not a member of the Class. As a result, the Settlement Agreement does not grant AT&T a release as to Johnson's claims. Furthermore, and because he is not a Class Member, Johnson is not entitled to any of the refunds that Class Counsel succeed in obtaining from the relevant taxing jurisdiction. Johnson therefore lacks an interest in the Settlement sufficient to grant him a right to intervene. *See, e.g.*, *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 55 Fed. App'x 498, 501 (10th Cir. 2003) ("Whether framed as an issue of standing or mootness, we agree . . . that Ptasynski and Bridwell no longer have the requisite personal interest in this action. . . . During the pendency of these appeals from the denial of their motions to intervene, they opted out of [the] settlement and are, in fact, pursuing their individual claims in Texas courts. They therefore lack any personal stake or interest in the settlement and, more particularly, in the cases which were the object of that settlement."); *cf. In re Vitamins Antitrust Class Actions*, 215 F.3d 26 (D.C. Cir. 2000) ("[O]ne may challenge a settlement agreement to which he is not a party if the agreement will cause him 'plain legal prejudice,' as when 'the settlement strips the party of a legal claim or cause of action.' But the MFN clause here causes no plain legal prejudice. . . . [T]he nonsettling plaintiffs have fully preserved their 'right to litigate their claims independently.'") (citations omitted). As the Seventh Circuit has recently observed, "interest" means more than Article III standing and "a mere 'economic interest' is not enough." *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009).

Moreover, his motion to intervene is for the explicitly "limited purpose of requesting attorneys' fees." (R. 192.) Even if the law entitled him to intervene, the Court would not award him such fees. Johnson fails to explain why the law entitles his attorney to a fee for his efforts on behalf of a different client in a different case. Although Johnson's attorney represents that, given his knowledge of Texas law, he is "well positioned to assist in whatever efforts are going to be necessary to secure relief for Texas consumers[,]" (R. 188 at 11), he does not suggest that he ever represented the Class Members in this case. Indeed, his client, Johnson, opted out of the Class. (R. 190 at 1.)

Instead, Johnson's attorney argues that his actions in the Southern District of Texas inured to the benefit of the Class Members by creating an additional incentive for AT&T to agree to the Settlement Agreement. (R.

188 at *passim*.) He also argues that it would be "fair" that he receive a share of the Settlement. (*Id.* at 12.) These arguments are not well founded. Johnson does not explain how his case created an incentive to settle where he is not part of the Settlement. Even if he were correct that his efforts benefitted the Class Members, Johnson's attorney cites no authority that such an incidental benefit conferred by a lawyer in one case on plaintiffs in another action entitles that lawyer to a share of the attorneys' fees awarded in the latter case.

Because Johnson has not demonstrated "an interest relating to the property or transaction that is the subject of the action," his motion to intervene as of right is denied.

Finally, even if Johnson could demonstrate the existence of "a claim or defense that shares with the main action a common question of law or fact" sufficient to establish a conditional right to intervene, the Court would exercise its discretion and deny his motion.

## CONCLUSION

For these reasons, the Court denies Johnson's motion to intervene and denies as moot his motion for his attorney's fee.