**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: AT&T MOBILITY WIRELESS DATA SERVICES SALES TAX LITIGATION | ) MDL No. 2147<br>) Case No. 1:10-cv-02278<br>) Judge Amy J. St. Eve |

**This document applies to:**
**Johnson v. AT&T Mobility LLC,** Case 2:10-cv-10064-JF-PJK (E.D.Mich)

**MOTION AND MEMORANDUM CONCERNING PARTIES' JOINT REQUEST FOR ORDER RELATING TO MICHIGAN REFUND ISSUES**

The Michigan Subclass Representative (through Class Counsel) and Defendant AT&T Mobility LLC ("ATTM") jointly move for an order regarding the disposition of any unclaimed funds recovered from the State of Michigan under the terms of the Settlement Agreement.

Counsel have been informed that the State of Michigan is prepared to extend a credit to AT&T Mobility LLC and/or its relevant subsidiaries for future sales tax liability on the condition that Michigan be assured that unclaimed funds in the Michigan Subclass Escrow Account that find their way to the Escheat Account will escheat to the State of Michigan. Under the terms of the Settlement Agreement's Plan of Distribution approved by this Court previously, any unclaimed monies refunded by the States shall be "distributed as the Court directs." Settlement Agreement (Doc. No. 50-2) Ex. O § 4(f).

The Subclass Representative and ATTM agree that the Michigan request represents an appropriate disposition of any unclaimed monies refunded by the State. Given that Michigan has set as a condition precedent to its issuance of a credit to ATTM that it receive assurances that funds will so escheat, that once that assurance is obtained in the form of an Order of this Court Michigan will issue such credit, and that upon receipt of the credit ATTM will fund the

Michigan Subclass Escrow Account from which refunds can be paid to members of the Michigan Subclass, the entry of such an Order by this Court would serve the interests of the Michigan Subclass members.

This Court has the authority to enter such an order as part of its continuing jurisdiction in this case. No appeals are pending. The Court's decision finding the Settlement Agreement fair, reasonable and adequate is final and conclusive. Here, the requested order will "aid" the "execution of [the] judgment" approving the settlement by ensuring that the State of Michigan issue a credit that will allow funds to be distributed to the Michigan Subclass members as as contemplated by the Settlement Agreement.

The entry of the requested Order will not effect a distribution of the funds to class members. It will merely allow Michigan to agree to issue the credit to ATTM, leading to the funding of the escrow account. In all other respects, the status quo will be maintained until this Court orders a distribution of those funds. By contrast, without the requested order, there is a substantial risk that Michigan will deny the refund, potentially resulting in lengthy litigation over a credit that Michigan is prepared to permit without litigation.

WHEREFORE, the parties respectfully request that the Court enter an order, pursuant to the Settlement Agreement's Plan of Distribution § 4(f), declaring that any unclaimed or unpaid monies issued by the State of Michigan in response to ATTM's pending refund request shall escheat to the state of Michigan.

Dated: March 14, 2013

                                                    Respectfully submitted,

                                                  /s Edward D. Robertson, Jr.
                                                  Edward D. Robertson, Jr.

James P. Frickleton
Mary D. Winter
BARTIMUS FRICKLETONROBERTSON
&GORNY, P.C.
715 Swifts Highway
Jefferson City, MO 65109

THEHUGE LAWFIRM
Harry Huge
1080WisconsinAvenue, N.W.
Washington, DC 20007

*Counsel for Settlement Class*

Respectfully submitted,

/s Roman P Wuller
Roman P. Wuller
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, MO 63101
*Attorneys for Defendant AT&T Mobility*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties on this 14th day of March, 2013, via ECF and by mailing a true and accurate copy by first class mail, postage prepaid to all necessary parties that have not established ECF notification.

/s/ Edward D. Robertson, Jr.
Settlement Class Counsel