IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AT&T MOBILITY WIRELESS DATA SERVICES SALES TAX LITIGATION | ) <br> ) MDL No: 2147 <br> ) Case No. 10 C 2278 |

This Document Relates to:

| | |
|---|---|
| *Wieland v. AT&T Mobility, LLC* | D. Colorado |
| *Abel v. AT&T Mobility, LLC 1:10-cv-03369* | S.D. Florida |
| *Bulzone v. AT&T Mobility, LLC 1:10-cv-02673* | S.D. Florida |
| *Munson v. AT&T Mobility, LLC 1:10-cv-02288* | S.D. Florida |
| *Novick v. AT&T Mobility, LLC* | M.D. Florida |
| *Rahn v. AT&T Mobility, LLC 1:10-cv-02300* | E.D. Kentucky |
| *Dow v. AT&T Mobility, LLC 1:10-cv-02678* | D. Maryland |
| *Meshulam v. AT&T Mobility, LLC 1:10-cv-02679* | D. Maryland |
| *Shuptrine v. AT&T Mobility, LLC 1:10-cv-02325* | E.D. Tennessee |

**ORDER**

The parties having consented to this Order and the Court, being fully advised in the premises finds as follows:

First, the Court approves distribution of the refunds obtained from the taxing jurisdictions in Colorado, Florida, Kentucky, Maryland, Tennessee and West Virginia (the "Refunding Tax Jurisdictions") in accordance with the Plan of Distribution previously approved by the Court. With respect to the refund from the state of Florida for the Florida sub-class, the Court orders that any unclaimed funds remaining after the Settlement Administrator concludes the acts required by the Plan of Distribution be returned to the Florida Department of Revenue consistent

with the Settlement Agreement with the state of Florida. To the extent that there are unclaimed funds that remain after distribution of the refunds to other state Subclass members, and to the extent this Court has not issued any previous orders regarding such unclaimed funds, Class Counsel are directed to report to this Court the status of such refunds and the amount of funds not claimed and to seek this Court's decision as to the final disposition of those funds, if any, at the appropriate time, in accordance with the Court's Order finally approving the Settlement.

Second, the Court finds that as to the Refunding Tax Jurisdictions, AT&T Mobility, LLC (ATTM) has performed all of its obligations under the Settlement Agreement.

Third, because the Refunding Tax Jurisdictions have completed the refund process and refunded all funds due the subclass members in Colorado, Florida, Kentucky, Maryland, Tennessee and West Virginia on the claims arising from this action, the Refunding Tax Jurisdictions have no further obligation to the subclass members of their state-specific subclasses to refund any funds received by a Refunding Tax Jurisdiction either directly or indirectly from a member of a state subclass that includes a Refunding Tax Jurisdiction as defined in this Order.

Third, the Court approves Settlement Class Counsel Litigation Expenses in the amount of $75,041.54 for reimbursement from the Class Counsel Expense Funding Account.

**WHEREFORE it is ORDERED**:

That the Settlement Administrator implement the distribution of refunds in the Refunding Tax Jurisdictions as per this order and per the Plan of Distribution previously approved by the Court; and

That the Refunding Tax Jurisdictions are hereby released from any further obligation to or liability to pay to any subclass member in the Refunding Tax Jurisdictions any and all claims,

demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs based on AT&T Mobility LLC's charging of taxes, fees or surcharges on internet access during the class period; and

The Settlement Administrator is directed to reimburse class counsel for litigation expenses incurred in the amount of $75,041.54 from the Class Counsel Expense Funding Account.

**IT IS SO ORDERED**.

_____
Amy J. St. Eve
United States District Judge

Dated: April 6, 2017